PER CURIAM.
The appeal in this case was originally taken to and perfected in the Supreme Court. An affidavit appears in the record showing the subject matter in the suit to be worth far in excess of the sum of Two-thousand dollars.
However, under the authority of Louisiana Board of Pharmacy v. Smith reported in 22 La. 1026, 61 So.2d 513, and other decisions of the Supreme Court, a joint motion was filed by Counsel setting forth that that Court lacked appellate jurisdiction as the record failed to affirmatively disclose that the amount in dispute exceeded two thousand dollars, and the appeal was accordingly ordered transferred by the Supreme Court to this Court, 223 La. 161, 65 So.2d 124, under the authority of LSA-R.S. 13:4441, 13:4442, on April 27th 1953, which was timely perfected by appellant.
The matter was duly set for hearing in this Court on January 21st, 1954, and Counsel for Appellant-have filed in this Court a motion requesting that the case be remanded to the District Court for the reception of evidence as to the value of the stock, as the record contains no affirmative evidence of a competent nature to show the value of the stock in controversy and particularly no evidence showing a money value not in excess of two thousand dollars exclusive of interest.
Counsel for Appellee objects to the remand stating that such remand will obviously take time and the evidence will undoubtedly show that the Supréme Court and not the Court of Appeal would have jurisdiction, entailing further delays which would jeopardize his client’s rights. He sets forth that the stipulation as to value in the Supreme Court was done in good faith knowing that such practice had consistently been approved by that Court over a period of years. That he was ready-to argue the case in the Supreme Court when that tribunal announced its new rule, and as a consequence the case was ordered transferred to this Court. He requests that the remand be waived by this Court, and *763 inferentially that this Court proceed with the disposition of the merits of the case.
Conceding the serious hardship to Relators herein, Counsel for Appellee not only admits but positively asserts that the Supreme Court has jurisdiction of the matter, so that by entertaining jurisdiction herein this Court would in effect be usurping the jurisdiction of the Supreme Court, notwithstanding the fact that the appeal had been transferred to this Court by the Supreme Court, which we decline to do.
It is accordingly ordered, adjudged and decreed that this case be remanded to the twenty-second judicial District Court in and for the Parish of St. Tammany, for the reception of evidence as to the value of the stock in controversy, and same to be thereafter returned to this Court within sixty days from the renditon of this decree, the cost of this Appeal to be paid by Appellant, and other costs to await the final disposition of the case.
Supplemental Opinion
The appeal in this case was ordered transferred to this Court by the Supreme Court under the authority of LSA-R.S. 13:4441, 13:4442 on April 27th 1953, on the theory that that Court lacked jurisdiction, as the record failed to affirmatively disclose that the amount in dispute exceeded two thousand dollars.
Being apprised at the time of the submission of the case in this Court, by both Counsel for Appellant and Appellee that the value of the stock, basis of contention herein, is worth considerably more than two thousand dollars, and being presented -with a motion to remand to ascertain the true value, we had no alternative but to remand the case to the 22nd Judicial District Court for the reception of evidence as to the value of such stock. (See opinion and decree of date Jan. 29, 1954).
The evidence was duly taken and the record has been timely returned to this Court clearly showing the amount in dispute to be far in excess of two thousand dollars. Under this positive showing,this Court must necessarily retransfer the appeal to the Supreme Court.
It is accordingly ordered, adjudged and decreed that this appeal he transferred to the Supreme 'Court of Louisiana to be disposed of according to law, the transfer to be made within sixty days after this judgment becomes final, and if not so made, then the appeal to be dismissed; costs to await final determination of the matter.