REGAN, Judge.
This is an appeal by the plaintiffs, State of Louisiana ex rel. Mrs. Winnie Davis, Widow of Robert M. Wood, Sr., Memnon J. Wood, Elm D. Wood, Robert M. Wood, Jr., John J. Wood and Winston H. Wood from a judgment dismissing their suit for a writ of mandamus, which sought to compel the defendant, Oaklawn Land & Improvement Co., to issue to them certain certificates of stock, which they claim to own in the defendant corporation and which appeal was transferred to us by the Supreme Court since 'they were of the opinion that we possessed jurisdiction of the issues herein. 223 La. 7, 64 So.2d 623.
This case, in order to facilitate the trial thereof on appeal, was consolidated with another suit encompassing almost identical facts, designated as No. 20191 and entitled State ex rel. Davis v. Oaklawn Land & Improvement Company, 70 So.2d 160, which was also transferred to us by the Supreme Court for the reason set forth hereinabove. 223 La. 10, 64 So.2d 624.
The pleadings reveal that plaintiffs instituted this suit requesting that an alternative writ of mandamus issue commanding Oaklawn Land & Improvement Company to deliver stock certificates to them as the widow, sons and heirs of the late Robert M. Wood, Sr., in conformity with the provisions of a supplemental judgment of possession emanating from the “Succession of Robert M. Wood, Sr.”, which is attached to and made part of the petition. The plaintiffs assert that Robert M. Wood, Sr. was the owner of certificate No. 12 for five shares of the capital stock of Oaklawn Land & Improvement Company issued to him on or about March 28, 1916 and certificate No. 16 for two hundred fifty shares of the capital stock of the corporation issued to him on or about June 10, 1916; that plaintiffs became the owners of this stock upon the death of Robert M. Wood, Sr. and were placed in possession thereof by virtue of the supplemental judgment rendered in the succession proceedings referred to herein-above. Plaintiffs, in conclusion, assert that the certificates of stock are now in the possession of the defendant, which refuses to deliver new certificates to them and that they have no adequate remedy at law, therefore, the procurement of a writ of mandamus is necessary to protect and enforce their respective interests.
The defendant filed an exception of prematurity and, at the termination of the trial, a plea of prescription, both of which were apparently overruled. After the disposition of the exception of prematurity defendant answered denying that the late Robert M. Wood, Sr. owned, at the time of his death, or that the plaintiffs now own or are entitled to any stock in the corporation. The defendant then pointed out that the two certificates of stock upon which plaintiffs predicate their claim were never paid for, delivered or issued and were duly cancelled on its books, with the full knowledge of Robert M. Wood, Sr. years prior to his death.
As related hereinabove there was judgment in the court, a qua, in favor of the defendant recalling the alternative writ of mandamus and dismissing plaintiffs’ suit.
Plaintiffs introduced, in proof of their contention, the testimony of only one wit *159 ness, that of Mrs. Winnie Davis Wood, the widow of Robert <M. Wood, Sr. In substance she stated that her husband was the owner of stock in the defendant corporation but as time went on he could not remember what he had done with the certificates and had even looked in his bank box for them, apparently not recalling that he had left them in the stock book for safekeeping.
The defendant introduced the testimony of two witnesses, Mrs. Wood’s brothers, John J. Davis and William H. Davis, Secretary-Treasurer and President respectively of the defendant corporation.
John J. Davis identified the two stock certificates No. 12 and No. 16 and testified as to the categorical facts that ultimately resulted in their cancellation. Certificate No. 12 for five shares of the capital stock was dated May 22, 1915, issued to Robert M. Wood and signed by him as Secretary-Treasurer Pro Tern, and by John H. Davis as President of the corporation. John H. Davis, who was the father of Mrs. Winnie Davis Wood, John J. Davis and William H. Davis, died September 6, 1917. The receipt for certificate No. 12, on the corresponding stub, was never signed and John J. Davis testified that it was never actually issued nor receipted for. On its face this certificate bears an inscription revealing that it was cancelled and the stock covered by it was subsequently reissued in certificate No. 16. Certificate No. 16 for two hundred fifty shares was issued to R. M. Wood and although it is not dated the attached stub is dated June 10, 1916. It was signed by John J. Davis as Secretary-Treasurer and John H. Davis as President. The receipt for this certificate, on the corresponding stub, was never signed and John J. Davis testified that it was still attached to the stub at the time of the trial and that there is a notation on the face thereof to the effect that it also had been cancelled. Davis finally asserted that the transfer form appearing on the reverse of the certificate for the transfer or assignment thereof was endorsed in blank by Robert M. Wood in his handwriting.
Davis, in clarifying what had occurred, more pertinently elucidated that the late Robert M. Wood, his brother-in-law, had formed a pool with William H. Davis and himself to “buy up” stock of the defendant company in order to liquidate the debts of that corporation, of Davis-Wood Lumber Company, another corporation in which they were mutually interested, and also the debts of John H. Davis; that Wood had put up some money but later withdrew from the pool as far as the defendant company was concerned; that this withdrawal resulted in his relinquishing ownership to any stock in defendant company and receiving in the year 1933, in exchange therefor, one hundred forty shares of stock in the Davis-Wood Lumber Company as his final settlement in the pool.
William H. Davis corroborated the testimony of his brother in all of its essential aspects.
The only proof offered in support of plaintiffs’ claim to the ownership of the stock in the defendant corporation, as we have related hereinabove, was through the medium of Mrs. Winnie Davis Wood, whose testimony was very vague, general and so inconclusive as to utterly fail in its objective. On the other hand, the defendant’s explanation as to what transpired with respect to stock certificates Nos. 12 and 16 is corroborated by virtue of the testimony of Mrs. Wood’s two brothers and the physical existence of the stock certificates presently in the stock book and in the possession of the defendant and the further fact that neither these certificates nor any reference to them was found among the effects left by Robert M. Wood, Sr.
These facts and the conclusions to be logically drawn from the inscriptions and endorsement of Wood appearing on the stock certificate No. 16 and from the corresponding stubs, photostatic copies of which appear in the record, further corroborate the uncontradicted testimony of John J. and William H. Davis to the effect that Robert M. Wood, Sr. entered into an agreement and settlement with them in 1933 *160 by virtue of which he accepted 140 shares of the capital stock of the Davis-Wood Lumber Company in exchange and thus abandoned all claim to any stock in the defendant corporation. Accordingly, we are of the opinion that the judgment of the trial court in favor of the defendant is obviously correct.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.