REGAN, Judge.
This is an appeal by the plaintiffs, State of Louisiana ex rel. Mrs. Winnie Davis, Widow of Robert M. Wood, Sr., Memnon J. Wood, Elm D. Wood, Robert M. Wood, Jr., John J. Wood and Winston H. Wood from a judgment dismissing their suit for a writ of mandamus, which sought to compel the defendant, Oaklawn Land & Improvement Co., to issue to them a certain certificate of stock, which they claim to own in the defendant corporation and which appeal was transferred to us by the Supreme Court since they were of the opinion that we possessed jurisdiction of the issues herein. 223 La. 10, 64 So.2d 624.
This case, in order to facilitate the trial thereof on appeal, was consolidated with another suit encompassing almost identical facts, designated as No. 20190 and entitled State ex rel. Davis v. Oaklawn Land & Improvement Co., 70 So.2d 157, which was also transferred to us by the Supreme Court for the same reason set forth hereinabove. 223 La. 7, 64 So.2d 623.
In this suit plaintiffs requested that an alternative writ of mandamus issue commanding Oaklawn Land & Improvement Company to deliver a stock certificate to them as the widow, sons and heirs of the late Robert M. Wood, Sr., in conformity with the provisions of a supplemental judgment of possession emanating from the “Succession of Robert M. Wood, Sr.”, which is attached to and made part of the petition. The plaintiffs assert that Robert M. Wood was the owner of certificate No. 19 for 120 shares of the capital stock of Oaklawn Land & Improvement Company issued to him on or about October 27, 1916, and, in the alternative, claim the ownership of 250 shares of the capital stock of the *161 defendant corporation as representing the % partnership interest of Robert M. Wood, Sr. in a total of 750 shares of the capital stock of said corporation appearing in the name of John H. Davis & Sons. Plaintiffs assert that the certificate of stock is now in the possession of the defendant, which refuses, to deliver a new certificate to them and that they have no adequate remedy at law, therefore, the issuance of a writ of mandamus is necessary to protect and enforce their respective interests.
The defendant pleaded the exceptions of prematurity, no right or cause of action and prescription, all of which were referred to the merits. It then answered denying that the late Robert M. Wood, Sr., owned at the time of his death or that the plaintiffs now own or are entitled to any stock in the corporation.
As related hereinabove there was judgment in the court, a qua, in favor of the defendant recalling the alternative writ of mandamus and dismissing plaintiffs’ suit.
The agreement and settlement by virtue of which Robert M> Wood, Sr. accepted 140 shares of the capital stock in the Davis-Wood Lumber Company and thereby relinquished or extinguished all claim or partnership interest in the defendant corporation and particularly his claim to the 120 shares of stock evidenced by certificate No. 19, is equally well established herein in consequence of the, evidence adduced in suit No. 20190 of the docket of this court, 70 So.2d 157, which was made part of' these present proceedings by stipulation of respective counsel during the course of the-trial of the case in the court below.
A careful analysis of the evidence ad-' duced in the present suit discloses that it does not possess any other evidéntial characteristics which would legally or factually distinguish it and thus cause us to reach a conclusion antagonistic to our opinion reached in case No. 20190, entitled State ex rel. Davis v. Oaklawn Land & Improvement Co., this day decided.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.