**81 So.2d 767**

**STATE of Louisiana ex rel. Mrs. Winnie Davis WOOD et al.**

**v.**

**DAVIS–WOOD LUMBER COMPANY.**

**No. 41994.**

June 30, 1955.

Archie M. Suthon, New Orleans, Philip E. Pfeffer, Covington, for appellants.

Raymond H. Saal, Covington, Henry O'Connor, New Orleans, for appellee.

HAWTHORNE, Justice.

In 1953 this case came up to us on appeal. At that time counsel filed a joint motion stating that this court lacked appellate jurisdiction. An examination of the record revealed that it failed to show affirmatively that the amount in dispute in the case exceeded $2,000, and we accordingly ordered the appeal transferred to the Court of Appeal, First Circuit, under the provisions of R.S. 13:4441 and 13:4442. State ex rel. Wood v. Davis-Wood Lumber Co., 223 La. 161, 65 So.2d 124. After the appeal was transferred, counsel for appellant filed a motion in the Court of Appeal requesting that the case be remanded to the district court for the taking of evidence on the value of the stock involved in the case, so that appellate jurisdiction could be accurately determined. Over the objection of counsel for appellees the Court of Appeal ordered the case remanded to the district court for that purpose, to be returned to the Court of Appeal within 60 days from the date of its decree.

On the remand the district judge fixed the value of the stock in controversy. The case was then returned to the Court of Appeal, First Circuit, which concluded that it was without appellate jurisdiction and transferred the appeal to us. Counsel for appellant has filed a motion in this court asking that the appeal be again ordered transferred to the Court of Appeal, First Circuit.

The case of Beene v. Pardue, 226 La. 606, 76 So.2d 902, is controlling here. In that case we pointed out that the appellate jurisdiction of the Courts of Appeal extends to all civil and probate cases of which the district courts have exclusive original jurisdiction, regardless of the amount involved, except as otherwise provided in our Constitution. Art. 7, Sec. 29, La.Const.1921. On the other hand, the appellate jurisdiction of the Supreme Court in such cases is strictly limited. Art. 7, Sec. 10, La.Const.1921. Moreover, as we emphasized in the Beene case, supra, once this court has transferred a case to a Court of Appeal, that court *must* entertain the appeal.

We should like to call attention again to the fact that the Courts of Appeal have no authority to remand a case for the purpose of fixing appellate jurisdiction. See Art. 906, Code of Practice; Beene v. Pardue, supra.

■ Therefore, the order of the Court of Appeal, First Circuit, remanding the case to the district court for the purpose of fixing appellate jurisdiction is annulled and set aside. All proceedings in the Twenty-second Judicial District Court in and for the Parish of St. Tammany under this unauthorized order are annulled and set aside; the retransfer of this appeal to this court is set aside; the clerk of this court is ordered to transfer forthwith the record in this case to the Court of Appeal, First Circuit, in order that it may hear and dispose of the appeal previously transferred to it by this court on April 27, 1953, opinion of which is reported in 223 La. 161, 65 So.2d 124. All costs are to await the final determination of the case.