LOTTINGER, Judge.
This is a mandamus proceeding, initiated by relators, wherein they seek to cause the defendant to transfer to them 290 shares of the capital stock of the .defendant corporation standing in the name of relators’ husband and father, respectively, Robert M. Wood, Sr. The lower court rendered judgment in favor of relators and ordered the stock transferred into their names. The defendant has taken this appeal.
The record discloses that Mrs. Winnie Davis Wood, the widow and surviving spouse in community of Robert M. Wood, Sr., and, her five children filed this suit seeking to require the defendant to transfer into their names 290 shares of stock in the defendant company standing in the name of relators’ father and husband at the time of his death. In his succession .proceeding there was judgment treating said stock as community property, and sending the widow into possession of one-half thereof and the said children into possession of the other one-half thereof, subject to the usufruct as provided by law.
Defendant first filed an exception to service and alleged that John J. Davis, upon whom- the returns show that service was made as vice-president of defendant corporation was not the vice-president of said corporation. Next the defendant filed an exception to the capacity of one of re-lators, Winston H." Wood, to stand in judgment, he being a minor and it not appearing that he has been emancipated. A plea of judicial and equitable estoppel was also filed by the Davis Wood Lumber Co. against Mrs, Winnie Davis Wood, showing that she had claimed the stock at issue by other suits, filed against the defendant company as the heir of, her father and claiming that the stock at issue was issued to her husband, Robert M, Wood, Sr., through whom she now claims as surviving spouse, by collusion, fraud, etc., the two claims being inconsistent and having caused damage to the defendant company. After argument on the above exceptions, the lower court referred same to the merits. The defendant company then filed answer wherein certain of the allegations of re-lators were admitted, and others were denied. The lower court awarded judgment in favor of the relators.
*333 The defendant company first moved for a rehearing, which was denied below. They then appealed to the Supreme Court, • and the appeal was transferred to this Court, 223 La. 161, 65 So.2d 124, because the record did not show the sufficient jurisdictional amount to have the matter reviewed directly by the Supreme Court. We sent the matter 'back to the lower court for evidence as to the amount involved, La.App., 72 So.2d 762, and same being far in excess of the required $2,000, we transferred the appeal back to the Supreme Court. By judgment of the Supreme Court, dated June 30, 1955, the matter was again transferred to this Court for review. 228 La. 55, 81 So.2d 767.
As to the first exception, i. e. the exception to the service of process, the Sheriff’s return shows that the copy of the writ, together with the petition and citation, were served on the defendant by leaving same at the office of the company in the Parish of St. Tammany. Said documents were handed to John J. Davis, vice-president, a person over the age of 16 years, during the temporary absence of the president. The Sheriff’s return shows this service to have been made on July 18, 1951, and in support of the exception, John J. Davis was sworn and testified that he was the secretary-treasurer of the defendant company since 1949, and that he had been formerly the vice-president but had resigned and accepted the secretary-treasurership; that W. H. Davis, Jr. was now the vice-president and had been for about seven months, and that W. H. Davis, Jr. lives at Mandeville, which is seven miles from La-combe. He further testified that the' principal office of the defendant corporation is in Lacombe and that they have a subsidiary office in New Orleans; that John J. Davis is generally in charge of the Lacombe office, and Mr. Dubois, under the supervision of W. H. Davis, is in charge of the office in New Orleans.
The record shows that the deputy sheriff who made the service obtained his information from Mr. John J. Davis himself and made his returns accordingly. Article II (2)of the Charter of the defendant corporation provides:
“The domicile of said corporation shall be in the Town of Lacombe, Parish of St. Tammany, State of Louisiana, and all citations and other legal process shall be served on the president, and in his absence on the Vice-President, and in the absence of both on the Secretary and Treasurer of said Corporation.”
Now the record discloses that both the president and vice-president were absent ‘from the principal office of the corporation at the time of service. Certainly the provisions of LSA-R.S. 12:37 were complied with in the service made. However, the defendant claims that Article 844 of the Louisiana Code of Practice requires service on the president of the corporation in a -mandamus proceeding, and that service upon any other officer is invalid.' We do not believe such to be the intention of the law. Service was made in accordance with the Charter of the corporation. The record shows that both the president and vice-president were absent at the time of said service. It is not unusual for the president to be absent from the corporate office for long periods of time. To strictly abide by the claims of defendant would, in many instances) delay service for long periods of«time. We feel that, as did the lower court, that the service was properly made, and the exception to service was properly overruled.
As to the exception to the capacity of petitioner, Winston H. Wood, to stand in judgment, the petitioner filed a supplementary petition to which was attached an order of emancipation. Since said amended petition was filed, defendant has not seriously pressed his claim, and we feel that this exception was properly overruled below.
The most serious exception by defendant was that of judicial and equitable estoppel. The record shows that Winnie Davis Wood, in the Receivership of Davis *334 Wood Lumber Company, No. 10,990 of the Docket of the 22nd Judicial District Court, St. Tammany Parish, Louisiana, claims the 290 shares at issue herein, together with other stock of defendant corporation, as the heir of her late father, and claims that said 290 shares were issued to her husband, Robert M. Wood, Sr., by collusion and fraud between her husband, her father, John J. Davis, and William Davis. Defendant claims that, as said receivership proceeding is still pending, the petitioner, Winnie Davis Wood, should be estopped from now claiming the stock as surviving widow in community of her late husband. The claims are inconsistent as in one proceeding she claims that her father was the true owner of the stock and claims same as heir of her father, whereas in the present suit she claims the stock as surviving widow of her late husband. The relators, on the other hand, claim that the receivership proceeding has been abandoned in the Supreme Court, and in brief to this Court claims that a signed motion to dismiss has been presented the defendant corporation. No evidence, however, has been furnished this Court that the said proceeding has been actually dismissed by the Supreme Court.
A similar claim has been made by Winnie Davis Wood, in the matter of the Succession of John H. Davis, to the effect that Winnie Davis Wood and others are legally entitled to the stock as heirs of their late father, John H. Davis. A final judgment of dismissal in said matter has been rendered by the Supreme Court on February 20, 1956. 229 La. 314, 85 So.2d 886.
The ex parte judgment of the Civil District Court, Parish of Orleans, in the matter of the Succession of Robert M. Wood, Sr., recognized the widow and surviving spouse, and the children, as the heirs of the deceased and sent them into possession of the stock in question. The defendant has not attacked this judgment.
As the other two conflicting proceedings have been apparently abandoned, we do not feel that the exception of estoppel has any further merit. First of all, if we were to dismiss the present proceeding, the ownership of the stock in question would be undecided, and from the evidence presented it is certainly shown that the relators are entitled to immediate possession of same. Secondly, we are unable to see how the corporation could be adversely affected by the judgment of the lower court as it has not claimed any right to the stock.
In the case of Janney v. Calmes, 212 La. 756, 33 So.2d 510, 513, the Supreme Court said:
“Regarding the equitable estoppel pleaded, the jurisprudence of this court is that an estoppel is not favored and •that it will not be maintained unless the person urging it has been misled, to his prejudice, by acts of omission or commission of him who is sought to be estopped.”
In the present case, the defendant company has made no showing that it was misled to its detriment by the other proceedings in which the conflicting claims are made. Nor did said conflicting claims in any wise deceive, mislead or damage the defendant, at least no evidence of such is contained in the record. Under the jurisprudence cited under Article 2291 of the LSA-Civil Code, upon which the exception of estoppel is based, we feel that the conflicting claims which have now been abandoned would not now estop the relators from prosecuting their present claim. The present claim of relators is based upon a final judgment in the proceeding of the Succession of Robert M. Wood, Sr. This judgment sent his widow and children into possession of the 290 shares of stock. Defendant corporation does not seriously dispute that the stock belongs to the estate of the late Robert M. Wood, Sr., and we feel that defendant has no interest to question the transfer of stock on their books.
We have found no error in the judgment of the lower court, and for the reasons hereinabove assigned, the said judgment will be affirmed, all costs of this appeal to be paid by defendant.
Judgment affirmed.