**45 So.2d 91**

### Succession of DEROUEN.

### No. 39229.

### Feb. 13, 1950.

See 46 So.2d 344.

Mestayer & Mestayer, New Iberia, for opponent and appellant.

Minos H. Armentor, Louis M. Cyr, New Iberia, for movers and appellees.

LeBLANC, Justice.

This case is now before the court on motion to dismiss the appeal. The grounds for dismissal are stated in the motion but inasmuch as we have concluded that the case is not appealable to this court, the grounds stated in the motion will not be considered.

The proceeding originated in the district court on the petition of an alleged testamentary executor under a will to have the same probated. The will was one made in olographic form and after it had been submitted to the Court for probate, certain parties alleging themselves to be the forced legal heirs of the testatrix filed an opposition to its probate on the ground that it was not genuine as it had not been en-

tirely written, dated and signed in the handwriting of the testatrix. In the alternative, they plead that should it be found to have been so written, dated and signed, it had been procured through undue influence, fraud, and false representations at the time of, or immediately preceding its execution.

After submission of the opposition in the court below, there was judgment maintaining the same and decreeing the alleged testament to be null and void. An application for rehearing was filed and rehearing refused, whereupon the alleged testamentary executor obtained an order for a suspensive and devolutive appeal. In granting the order for appeal the district judge fixed the amount of the bond in the sum of $2000.00 for the suspensive appeal and in the sum of $100.00 for the devolutive appeal.

We search the record in vain for any allegation, statement or proof of any kind of what the amount involved in the estate of this alleged testatrix is. The only amounts or sums we find mentioned in any way are those mentioned in the order for appeal and in the bond for a suspensive appeal in the amount of $2000.00 which was furnished by the alleged testamentary executor.

■ The jurisdiction of this Court is fixed by the Constitution of 1921. In Article 7, Sec. 10 thereof it is therein expressly stated that: "It shall have appellate jurisdiction in civil suits where the amount in dispute or the fund to be distributed, irrespective of the amount therein claimed, shall exceed two thousand dollars exclusive of interest, * * *". There follow then certain exceptions with which we are not concerned in this case. Formerly, by Article 1049 of the Code of Practice, in matters of successions where the value exceeded $500, the appeal was carried directly to the Supreme Court but that article has been superseded by the articles of the Constitution of 1921. (See Succession of Lasseigne 181 So. 879).

■ Considering the entire contents of the record as it is presented to us in this case, it is impossible for us to determine in any manner what the value of the property that may be involved in this estate is. In Succession of Lynch, 124 La. 127, 49 So. 1002, there appeared to have been an allegation in regard to the value of the property to the effect that it was worth about $2000.00 and even then the court found it uncertain and problematical and not sufficient for a jurisdictional allegation of value. In State v. Cook, 197 La. 1027, 3 So.2d 114, 116, it is stated: "In determining whether this court has appellate jurisdiction because of the amount in dispute, or because of the value of the thing in dispute, or because of the subject matter of the suit, in a given case, the record must show affirmatively that the court has appellate jurisdiction; otherwise the appeal must be dismissed or transferred to the Court of Appeal."

If there is anything in this record which suggests a value of the estate it is the amount of the bond fixed by the Court and furnished by the appellant for the suspensive appeal bond and whilst the amount fixed therein cannot serve as a criterion since the judgment appealed from is not one ordering the payment of any sum of money, it is nevertheless fair for the court to infer from the amount fixed that the estate has a lesser value than $2000.00. It is clear therefore that the appeal was taken to the wrong court and as in such cases we have the right, by virtue of the provisions of Act No. 19 of 1912, to transfer the case to the proper court, instead of dismissing the appeal, it will be so transferred.

For the reasons stated it is ordered that the case be transferred to the Court of Appeal for the First Circuit, provided that the record shall be filed in that court within thirty (30) days from the date on which this decree shall become final; otherwise the appeal shall be dismissed.