61 So.2d 513

LOUISIANA BOARD OF PHARMACY v. SMITH.

No. 40531.

Nov. 13, 1952.

A. V. Pavy, Kenneth Boagni, Opelousas, for defendant-appellant.

Henican, James & Cleveland, New Orleans, Dubuisson & Dubuisson, Edward Dubuisson, Opelousas, Murray F. Cleveland, New Orleans, for plaintiff-appellee.

FOURNET, Chief Justice.

■ This Court is without appellate jurisdiction of the appeal of the defendant, Lloyd T. Smith, from the judgment of the District Court enjoining him from operating a pharmacy without a permit and without having on duty a registered pharmacist, since the record fails to *affirmatively* disclose any amount in dispute or fund to be distributed—the other provisions of the Constitution, La.Const. of 1921, Art. 7, Sec. 10, by which appellate jurisdiction is vested in this Court being inapplicable. See State v. Cook, 197 La. 1027, 3 So.2d 114; New Orleans & Northeastern R. Co. v. Redmann, 210 La. 525, 27 So.2d 321; and Succession of Derouen, 216 La. 957,

45 So.2d 91. In the last-named case this Court quoted with approval the following from the Cook case: " 'In determining whether this court has appellate jurisdiction because of the amount in dispute, or because of the value of the thing in dispute, or because of the subject matter of the suit, in a given case, the record must show affirmatively that the court has appellate jurisdiction; otherwise the appeal must be dismissed or transferred to the Court of Appeal.' " 216 La. at page 960, 45 So.2d at page 92.

■ This Court not being one of original jurisdiction, the suggestion by the attorneys that, because of the importance of the issues herein, the record be supplemented by affidavits, to be filed in this Court, in order to establish that there is the requisite jurisdictional amount involved in the outcome of this suit, cannot be followed.

By virtue of the authority vested in this Court by LSA–R.S. 13:4441, 13:4442, it is ordered that this case be transferred to the Court of Appeal, First Circuit, the transfer to be made within 30 days after this decree has become final; otherwise the appeal is to be dismissed; the appellant to pay the costs of the appeal to this Court and the costs of transferring the case to the Court of Appeal; all other costs to await the final disposition of the case.