62 So.2d 625

Succession of WESLEY.

No. 40142.

Dec. 15, 1952.

Rehearing Denied Jan. 12, 1953.

Robert G. Chandler, Shreveport, for appellant.

Frank A. Blanchard and Sylvian W. Gamm, Shreveport, for appellee.

LE BLANC, Justice.

This suit involves a contest over a succession of a decedent who was an illegitimate child of an unknown father. He was legally married to one of the contestants who claims his estate as surviving spouse under the provisions of Article 924 of the LSA–Civil Code. She is opposed in her claim by a half-sister of the decedent, a legitimate child of his deceased mother.

The surviving spouse, the first claimant, opened the succession by petition to the district court asking to be appointed administratrix. She prayed for an inventory of the property left by the decedent but apparently none was ever made. The estate consists of a lot of ground in Shreveport and some household effects.

Nowhere in the petition of the claimant widow, or in that of the opposition on behalf of the half-sister, is any mention made of the value of the property in contest and it is not until after a decision by the district court in favor of the surviving spouse that, in a petition filed by her seeking to be placed in possession of the estate, an allegation to the effect that the estate has a value of "less than Twenty-five Hundred Dollars ($2500)", is found.

From the judgment rendered against her, the contesting half-sister obtained an order for a devolutive appeal to this court which she perfected by filing an appeal bond in the sum of $100.

Laboring under an apprehension, no doubt, that the question of this court's appellate jurisdiction might be investigated, counsel for both plaintiff-appellant and defendant-appellee have tendered an affidavit by a party who states that he is actively engaged in handling real estate loans in the City of Shreveport and gives his opinion that the fair market value of the property involved "is approximately $3000.00 and in no event less than $2750.00".

It thus appears that we are presented with an appeal in which there is nothing in the record to show affirmatively that this court has appellate jurisdiction. That, as was held in the case of Louisiana Board of Pharmacy v. Smith, 221 La. 1026, 61 So.2d 513, is an indispensible requirement in order to vest this court with jurisdiction in cases where there is an amount in dispute or a fund to be distributed.

The affidavit which was offered in this court after the appeal had been lodged here, will not be considered because this court not being one of original jurisdiction, effect cannot be given to any proof submitted after the appeal has been taken and perfected. True it is that in the past, jurisdiction was entertained by the court on showings similar to the one here attempted to be made. That was principally because the question of jurisdiction was not raised by any of the parties nor did it suggest itself to the court. Also the court was not so conscious of its jurisdiction, as defined by the Constitution, art 7, § 10, as it is now. To the end that jurisdiction might be made more readily ascertainable, it should be observed that in the revision of the Rules of Court, recently promulgated, the appellant, or relator, as the case may be, is required under Section 2 of Rule X, to set forth in his brief "a statement of the appellate jurisdiction of this court as applied to the case; * * *." A strict compliance with this provision would certainly obviate the necessity of having the court itself, in many cases, inquire into the matter of jurisdiction and in many cases being compelled either to dismiss or transfer the appeal. We have endeavored lately to enforce an adherence to the rule and will continue to see that it is complied with.

The appellant in the present case failed to give a statement of the appellate jurisdiction of this court in his brief and as the record otherwise fails to disclose, affirmatively, the amount in controversy, we have to decline jurisdiction and will transfer the appeal under the authority granted by LSA–R.S. 13:4441, 13:4442.

It is therefore ordered that this case be transferred to the Court of Appeal, Second Circuit, within thirty days from the date this decree becomes final; otherwise, the appeal to stand dismissed; the appellant to pay the costs of the appeal to this court and the costs of transferring the case to the Court of Appeal; all other costs to await the final disposition of the case.