PONDER, Justice.
This is a suit to compel the transfer of ireal estate upon payment of the balance of the purchase price, to wit: $37.50. The plaintiff alleges that he should be decreed the owner of the property by virtue of a verbal contract, wherein the defendant agreed to sell the property for $900. The lower court, after considering the answers of the defendant to interrogatories on facts and articles and the evidence adduced, gave judgment in favor of the plaintiff. The defendant has appealed.
The only evidence in the record as to the value of the property, other than the purchase price, is the testimony of one witness. The testimony of this witness as to the value of the property is very vague and indefinite. The witness would not fix the value of the mineral rights separately. He placed a value of $2,500 on the property including all the mineral rights, after having been admonished by the court to fix some value on the property, and stated that he would not pay this price for the property unless all the mineral rights were included. The defendant is owner of one-half of the mineral rights and only one-half of the mineral rights were to be conveyed with the property. Therefore the record fails to affirmatively show that, the value of the thing in controversy exceeds $2,000, exclusive of interest. Under the provisions of Article 7, Section 10 of the Constitution, the value of the thing in controversy must exceed $2,000, exclusive of interest, to invest this Court with jurisdiction. When the ■record fails to affirmatively show that the value of the thing in controversy exceeds *683 this amount, we will not entertain appellate jurisdiction. La. Board of Pharmacy v. Lloyd T. Smith, 221 La. 1026, 61 So.2d 513.
For the reasons assigned, it is ordered that this case be transferred to the Court of Appeal for the Second Circuit, provided the appellant files the record in that court within 30 days from the date this decree becomes final; otherwise the appeal shall be dismissed. The cost of the appeal to this Court to be paid by the appellant; all other costs to await the final disposition of the cause.