64 So.2d 623

**STATE ex rel. DAVIS v. OAKLAWN LAND & IMPROVEMENT CO.**

No. 40607.

March 23, 1953.

Raymond H. Saal, Covington, for appellants.

Archie M. Suthon, New Orleans, and Philip E. Pfeffer, Covington, for appellee.

HAWTHORNE, Justice.

This is a mandamus proceeding in which relators seek to compel the respondent corporation, Oaklawn Land & Improvement Company, to issue to them stock certificates

representing stock which they claim to own in the corporation. The lower court rejected relators' demands and dismissed their suit, and they have appealed.

The only possible basis for our appellate jurisdiction in this case is that provision of Section 10 of Article 7 of the Constitution vesting this court with appellate jurisdiction in all cases where the amount in dispute or the fund to be distributed exceeds $2,000. Since neither the pleadings nor the proof in the instant case affirmatively shows that the value of the stock is in excess of $2,000, this court is without jurisdiction. Louisiana Board of Pharmacy v. Smith, 221 La. 1026, 61 So.2d 513; Succession of Wesley, 222 La. 411, 62 So.2d 625; Sexton v. Waggoner, 222 La. 679, 63 So.2d 423; Adger v. Oliver, 222 La. 793, 64 So.2d 6.

In an attempt to confer appellate jurisdiction on this court, two of the relators executed an ex parte affidavit in which they averred that the value of the stock greatly exceeded $2,000. This affidavit was filed in the transcript two days before the appeal was lodged in this court, long after the judgment of the lower court had been rendered, the order of appeal granted, and the appeal perfected by the giving of an appeal bond.

In Adger v. Oliver, supra, this court held that appellate jurisdiction could not be conferred by stipulation of the litigants after judgment had been rendered in the lower court but before the appeal was lodged in this court, and in Louisiana Board of Pharmacy v. Smith, supra, it was held that the record could not be supplemented by affidavits filed in this court to confer appellate jurisdiction since this court was not one of original jurisdiction. Under the authority of these cases, we will not consider the affidavit filed in the instant case after the taking and perfecting of the appeal as conferring appellate jurisdiction on this court.

For the reasons assigned, it is ordered that this appeal be transferred to the Court of Appeal for the Parish of Orleans, provided that the record is filed in that court within 30 days from the date this judgment shall become final; otherwise the appeal shall be dismissed. The costs of this court are to be paid by the appellants.