64 So.2d 624

**DUPLANTIS v. LOCASCIO.**

**LOCASCIO v. DUPLANTIS.**

No. 39568.

March 23, 1953.

Reid & Reid, Hammond, for appellant.

Ponder & Ponder, Amite, for appellees.

McCALEB, Justice.

These consolidated actions involve a determination of the ownership of a strip of land 660 feet in length along the westside of Highway 51 and approximately 40 feet in width, located in the S½ of Section 36, T. 6 S., R. 7 E., Tangipahoa Parish.

Mrs. Pearl B. Duplantis and her husband, being aggrieved by adverse judgments below, appealed to this court and, after the record was lodged here, filed an affidavit in which it was stated that the value of the land in controversy is more than $2,000. This affidavit was submitted for the purpose of conferring jurisdiction on this court as it is admitted that the record does not affirmatively exhibit that the amount in dispute exceeds $2,000, the minimum amount required

under Section 10 of Article 7 of the Constitution to vest this court with appellate jurisdiction, when review here is sought on that basis alone.

While it is true, as stated by counsel for appellants, that this court has in the past approved the filing of affidavits here to supplement a record which failed to affirmatively show that the amount in dispute was within our appellate jurisdiction,[1] it was decided that, after January 1, 1952 when our Revised Rules became effective, we would no longer continue this practice which we deemed to be inappropriate for the reason that the court, except in certain cases, is not one of original jurisdiction, being bound by the record as made up below.

In Louisiana Board of Pharmacy v. Smith, 221 La. 1026, 61 So.2d 513, decided on November 13, 1952, it was held that affidavits filed for the purpose of showing our appellate jurisdiction will no longer be considered by the court. And this ruling was reaffirmed in Succession of Wesley, 222 La. 411, 62 So.2d 625, decided on December 15, 1952, where the matter is discussed in detail, and in Sexton v. Waggoner, 222 La. 680, 63 So.2d 423.[2]

It is therefore ordered that the appeal in these consolidated cases be transferred to the Court of Appeal, First Circuit, provided the record is filed in that court within 30 days from the date of the finality of this decree; otherwise, the appeal shall be dismissed. The costs incurred in this court are to be paid by appellant.

FOURNET, C. J., absent.

1. See A. Weinfield, Inc. v. Ferd S. Kaufman, Inc., 175 La. 321, 143 So. 277; Murff v. Louisiana Highway Commission, 180 La. 664, 157 So. 383; Fontenot v. Ludeau, 190 La. 133, 182 So. 125; Frierson v. Cooper, 196 La. 450, 199 So. 388; Foster v. F. H. Koretke Brass & Mfg. Co., 197 La. 401, 1 So.2d 674; New Orleans & Northeastern R. Co. v. Redmann, 210 La. 525, 27 So.2d 321 and Meraux v. R. R. Barrow, Inc., 219 La. 309, 52 So.2d 863.

2. See also State of Louisiana ex rel. Davis v. Oaklawn Land & Improvement Company, 223 La. 7, 64 So.2d 623.