HAWTHORNE, Justice.
 

 This is a petitory action in which plaintiff seeks to be recognized as the owner of an undivided one-half interest in 150 acres of land in Red River Parish. Her suit was dismissed on exceptions of no cause and no right of action, and she has appealed.
 

 We could have jurisdiction of this appeal only under that provision of Article 7, Section 10, of the Constitution vesting in this court appellate jurisdiction in all cases where the amount in dispute or the fund to be distributed exceeds $2,000. Since neither the pleadings nor the proof in the instant case affirmatively shows that the value of the undivided one-half inter-’ est in the land which plaintiff seeks to recover exceeds $2,000, this court is without appellate jurisdiction. Louisiana Board of Pharmacy v. Smith, 221 La. 1026, 61 So.2d 513; Succession of Wesley, 222 La. 411, 62 So.2d 625; Sexton v. Waggoner,
 
 *469
 
 222 La. 680, 63 So.2d 423; Adger v. Oliver, 222 La. 793, 64 So.2d 6; State ex rel. Davis v. Oaklawn Land & Improvement Co., 223 La. 7, 64 So.2d 623.
 

 There is in the record a stipulation of both counsel for plaintiff and counsel for defendant that the lands involved in this suit are of a value in excess of $2,000, and in brief filed in this court there is incorporated an affidavit of one of the attorneys of record for the appellant, averring that the undivided one-half interest in the tract of land is worth over $2,000. It is now settled in our jurisprudence that appellate jurisdiction cannot be conferred upon this court by stipulation of the litigants since jurisdiction cannot be conferred by consent of the parties. See Adger v. Oliver, supra. Likewise, appellate jurisdiction cannot be conferred by affidavits filed in. this court since this court is not one of original jurisdiction. See Louisiana Board of Pharmacy v. Smith, supra, and State ex rel. Davis v. Oaklawn Land & Improvement Co., supra.
 

 For the reasons assigned, it is ordered that this appeal be transferred to the Court of Appeal, Second Circuit, provided that the record be filed in that court within 30 days from the date this judgment shall become final; otherwise the appeal shall be dismissed. The costs of this court are to be paid by the appellaiit.