HARDY, Judge.
The Succession of Bennie S. Lloyd, involving real and personal property less than $500 in value, was provoked by application of a creditor, Shreveport Fertilizer .Works, Inc., and the President thereof, C. D. Shal-lenberger, was appointed administrator and qualified as such. The property of the decedent was advertised for sale for the payment of the debt of the named creditor and the costs and charges of the administration. Some ten days before the date fixed for the sale of the property a petition was filed by Ada Lloyd, the surviving spouse of decedent, which alleged that she wished to oppose the alleged debts asserted by the administrator and further claim the widow’s portion as the surviving spouse in necessitous circumstances. The administrator opposed the filing of the widow’s petition by exceptions of want of citation and to the procedure. The latter exception was sustained and the widow’s petition dismissed. Subsequently the property was sold and bought in by the administrator who then filed his final account. Oppositions to the final account were filed by Ada Lloyd, as the surviving spouse, and by one Lucinda B. Lloyd in the interest of two minor children of decedent.
After hearing on the oppositions there was judgment approving and homologating the administrator’s final account except insofar as opposed. With reference to the oppositions the court ordered that the balance of $180.25, remaining in the administrator’s hands after payment of costs, be divided equally between Ada J. Lloyd, the decedent’s widow, and Lucinda B. Lloyd, the mother of Dorothy Lee and Johnnie Lou Lloyd, the minor children of decedent. From this judgment the opponent, Ada Lloyd, has devolutively appealed. The said opponent also procured the signing of a judgment dismissing her original petition and now prosecutes a devolutive appeal therefrom.
This appeal insofar as it seeks relief from the judgment dismissing the original petition of appellant is moot. The surviving widow could have sought to restrain the sale of the property by injunction or could have appealed suspensively from the judgment dismissing her petition. No such action was taken and accordingly the property was sold and no relief can be granted under the devolutive appeal.
As a consequence the only issue which is here tendered for our consideration on appeal is the disposition of the amount retained in the hands of the administrator for distribution. Appellant has been awarded one-half of the sum of $180.-25 and her only claim on appeal is her right as surviving spouse to the usufruct of the remaining one-half of the said amount. It is therefore obvious that the claim involves the right to the usufruct of the sum of $90.12%, which is below the jurisdictional amount of this court.
It follows that the appeal must be and is dismissed at appellant’s cost.