HAWTHORNE, Justice.
Writs were granted in this case to review a judgment of the Court of Appeal, Second Circuit, dismissing the appeal of relatrix, Ada Lloyd, to .that court, 66 So.2d 404.
*914 The succession of Bennie S. Lloyd, involving real and personal property of a value less than $500, was opened in the district court of Caddo Parish, Louisiana, and C. D. Shallenberger, a creditor, was appointed and confirmed as administrator. Relatrix Ada Lloyd, widow of the deceased Bennie S. Lloyd, filed two proceedings in the succession. In the first she opposed the sale of the property belonging to the succession under an order of court obtained by the administrator as a creditor thereof, and this proceeding was dismissed on an exception tp the procedure. In the second proceeding she opposed the final account of the administrator, claiming to be a widow in necessitous circumstances entitled as such to the whole of the estate, and after trial of this opposition on the merits the district .court ordered the estate divided between the opponent and the children of the deceased by a former marriage. She appealed devolutively to the Court of Appeal, Second Circuit, from the rulings of the district court on both oppositions.
The Court of Appeal found that, since the sale by the administrator was an accomplished fact, relatrix’ opposition to the sale was moot and presented nothing for review,- and consequently dismissed her devolutive appeal from the judgment dismissing her first opposition. We find no error in this ruling.
According to the final account, there remained in the hands of the administrator after the payment of costs the sum of $180.-25, one-half of which was awarded to relatrix by the judgment rendered on her. opposition to this account. In considering-.th,e appeal of .the relatrix from the judgment of the lower court on her opposition to the final account, the Court of Appeal foupd that her only claim involved the remaining one-half of the $180.25, or the sum o.f $90.12%, which was below the jurisdictional amount of that court, and dismissed her appeal, ■ ,,,
The Court of Appeal evidently, did not .take into consideration the nature,,pf this case in determining the question of its appellate jurisdiction, and we think it erred in dismissing relatrix’ appeal from the judgment of the lower court on her opposition to the final account. Relatrix’ opposition was filed in the succession proceedings of her deceased husband pending in the district court', aiid, since this was a succession matter, exclusive original jurisdiction was vested in the district court under Article 7, Section 35, of the Constitution, which provides:
“They [the district courts] shall have unlimited -and exclusive original jurisdiction * * * in all probate and succession matters * * * and where * * * ■ a succession * * * is a party defendant, regardless of the amount in dispute
The appellate jurisdiction of the Courts of Appeal is set out in Article 7, Section 29, of the Constitution of 1921, which provides :
*916 “The Courts of Appeal, except as others wise provided in this Constitution, shall have appellate jurisdiction only, which jur risdiction shall extend to all cases, civil and probate, of which the Civil District Court for the Parish of Orleans, or the District Courts throughout the State, have exclusive original jurisdiction, regardless of the amount involved, or concurrent jurisdiction exceeding one hundred dollars, exclusive of interest, and of which the Supreme Court is not given jurisdiction, except as otherwise provided in this Constitution, and all appeals shall be both upon the law and the facts.” (Italics ours.)
Since this is a succession matter, as heretofore pointed out, exclusive original jurisdiction was vested in the district court, and under the provisions of Article 7, Section 29, above quoted, appellate jurisdiction of this case was vested in the Court of Appeal becausp this is a succession matter of which •the district court has exclusive original jurisdiction and of which the Supreme Court is not given appellate jurisdiction under the Constitution. Article 7, Section 10.
For the reasons assigned, the judgment of the Court of Appeal insofar as it dismissed relatrix’ appeal from the judgment rendered by the district court .on her opposition to the administrator’s final account is reversed and set aside, and the case is remanded to the Court of Appeal, Second 'Circuit, for further proceedings. In all other' respects the judgment is affirmed.