AYRES, Judge.
This matter presents a contest between a surviving widow and two minor children of the deceased by a former marriage as to the distribution of the sum of $180.25 of the assets of his succession. The claimants are Ada Lloyd, the surviving widow, and Dorothy Lee Lloyd and Johnnie Lou Lloyd, minors, represented by Lucinda B. Lloyd, their mother. Their claims are set forth in their oppositions to the administrator’s account and are based on LSA-C.C. art. 3252, which, so far as pertinent, reads as follows:
“Whenever the widow or minor children of a deceased person shall be left in necessitous circumstances, and not possess in their own rights property to the amount of One Thousand Dollars, the widow or the legal representatives of the children, shall be entitled to demand and receive from the succession of the deceased husband or father, a sum which added to the amount of property owned by them, or either of them, in their own right, will make up the sum of one thousand dollars, and which amount shall be paid in preference to all other debts, except those secured by the vendor’s privilege on both movable and immovables, conventional mortgages, and expenses incurred in selling the property. The surviving widow shall have and enjoy the usufruct of the amount so received from her deceased husband’s succession, during her widowhood, which amount shall afterwards vest in and belong to the children or other descendants of the deceased husband.”
This case was heretofore before this court and the appeal dismissed on a question of jurisdiction, 66 So.2d 404, but the appeal was reinstated and remanded to us by the Supreme Court. 224 La. 911, 71 So.2d 324.
From the judgment ordering the aforesaid sum divided equally) one-half for the surviving widow and the other half for the two minors, after first deducting $25 re *667 served for future court costs, the surviving widow appealed to this court.
That the widow and minor children were all left in necessitous circumstances, without property in their own rights and otherwise possessed the qualifications specified in the article of the Civil Code cited here-inabove, though not in dispute at this time, is amply established by the record.
However, objection was raised by opponent, Ada Lloyd, to the admissibility of the evidence offered to prove the prior marriage of the deceased to Lucinda B. Lloyd. This objection was leveled at the fact that the opponent, Lucinda B. Lloyd, had not formally offered, introduced and filed in evidence the record of her marriage to the deceased, and that such record constituted the best evidence of the fact of such marriage. The objection, which, however, possessed considerable merit at the time it was made, lost its force and effect when this opponent offered and filed in evidence, without reservation or restriction, a certified copy of a divorce granted the deceased, Bennie Lloyd, from the opponent, Lucinda B. Lloyd. There could not have been a divorce without a prior marriage. Therefore, this opponent, at least indirectly, offered evidence establishing the prior marital relationship of these parties. She is not in position to contest the fact established by her own evidence.
It is contended by the opponent, Ada Lloyd, under LSA-C.C. Art. 3252, that she, as the surviving widow, is entitled to the usufruct of all the funds to be distributed in this case and that the minor children represented by the other opponent would be entitled to receive such funds only in the absence of a surviving widow possessing the qualifications and requirements prescribed by the article, or until the termination of such widowhood.
We have not been directed to any authority directly in point and our search therefor has been in vain. However, it seems to us that the meaning and intent of LSA-C.C. Art. 3252 and particularly of the word “or” as contained in the phrases “Whenever the widow or minor children” and “the widow or the legal representatives of the children” would be significant and ■controlling in the matter now under discussion. “Or” has been defined by Webster’s New International Dictionary, Second Edition, (1952), as follows:
“A co-ordinating particle that marks an alternative; as, you may read or may write — that is, you may do one of the things at your pleasure, but not both. * * * Specific uses are to indicate: a. Substitution”.
67 C.J.S., page 514, gives us this definition:
“Primarily, ‘or’ marks an alternative, and as ordinarily used it means one or the other of two, but not both * *
As a guide for the construction and interpretation of words and phrases in statutes, LSA-R.S. 1:3 provides:
“Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language.”
Applying these definitions and general rules of construction to the words and phrases herein concerned, it is our opinion that the surviving widow, under the article of the Civil Code referred to, is entitled primarily and in the first instance* to the benefits conferred by said article and by preference and priority over the minor children left by the deceased. The widow is the primary beneficiary and the minors are only secondary in interest, who come by such interest as alternatives to the surviving widow possessing the qualifications required by this article.
In the case of Corner v. Bourg, 26 La.Ann. 615, the surviving widow in necessitous circumstances opposed the account of the defendant, the administrator of her husband’s succession, on the ground that she was entitled to $1,000 under the Homestead Exemption Law, then Revised Statutes, §§ 1693, 1694, LSA-R.S. 20:1. Her claim was recognized, less the value of the prop *668 erty owned by her, and from that judgment the administrator appealed, and urged as a principal defense the existence of a minor child of the deceased by a previous marriage, who was entitled to the homestead in preference to plaintiff, his stepmother. The court held:
“Whether or not the tutor of the minor had applied for the homestead is immaterial. A plaintiff who has an interest has made the application.”
The widow was permitted to recover the amount claimed, less the value of the property possessed by her and the minor child. The court specifically recited that she recover only what the law allowed, that is, the usufruct during her widowhood, and noted that afterwards the funds pass to and invest in the minor heir of the deceased, the court observing “The destination of the money after the expiration of the usufruct is fixed by law, regardless of the question whether the tutor of the minor has made a formal application for the homestead or not”.
It was held in the Succession of Fatjo, 52 La.Ann.1561, 28 So. 135, that where the mother claims the widow’s homestead and proves the necessitous circumstances of her children and herself, she is entitled to the usufruct and the children to the amount.
The surviving widow, Ada Lloyd, is therefore entitled to the usufruct of the funds of this succession in the hands of the administrator for distribution, the title to which ultimately shall vest in the heirs of the deceased, now apparently his minors, as is fixed and provided by law.
Before availing herself, however, of the use of said funds, the surviving widow as the usufructuary, is required to give security. LSA-C.C. art. 558 provides:
“The usufructuary must give security that he will use, as a prudent administrator would do, the movables and immovables subject to the usufruct and that he will faithfully fulfill all the obligations imposed on him by law, and by the title under which his usufruct is established.”
The surviving widow, as the stepmother of the minors, is not dispensed by LSA-C.C. art. 560 from giving security for the usu-fruct of the money. Taylor v. Taylor (Gebert et al., intervenors), 189 La. 1084, 181 So. 543.
Our conclusion is that the surviving widow is entitled to the usufruct of the aforesaid sum upon giving security as provided by law, and that the judgment of the district court partitioning said sum between the opponents is erroneous and should be reversed.
For the reasons assigned, the judgment appealed from is reversed, and it is now ordered, adjudged and decreed that the aforesaid sum of $180.25 now in the hands of the administrator, less $25 reserved for future court costs, be paid over to the opponent, Ada Lloyd, surviving widow of Bennie S. Lloyd, deceased, by preference, upon her giving security according to law; and, in default of her giving such security, that said funds be placed at interest on good security, according to law, and particularly according to LSA-C.C. art. 563, the interest thereof, in such event, to be paid to the said opponent during her widowhood, and at the expiration thereof, the capital to be paid to the children or other legal descendants of the deceased, Bennie S. Lloyd, and that, therefore, the account of the administrator be amended accordingly.
The costs of this opposition and appeal are to be paid by the opponent, Lucinda B. Lloyd.
Reversed and rendered.