PONDER, Justice.
In this suit the plaintiff sought to enjoin the defendant from using the premises, an apartment house located at 2810 Napoleon Avenue, for more than four apartments and dwelling units in violation of city Ordinance No. 11,302, C.C.S. of the City of New Orleans. The defendant interposed an exception based on the ground that the ordinance was unconstitutional. The exception was referred to the merits and after hearing on the merits, the court rendered judgment enjoining the defendant from using the premises in violation of the ordinance. The defendant has appealed.
The appellant was of the impression that this Court has jurisdiction of the appeal in this case for the reason that the constitutionality of the ordinance was attacked in the lower court. It appears that the lower court held the ordinance to be constitutional and such being the case we do not have appellate jurisdiction. It is only where an ordinance has been declared unconstitutional that an appeal lies to this Court. Section 10 of Article 7 of the Constitution of Louisiana; Mouton v. City of Lafayette, 217 La. 894, 47 So. 2d 679.
We have examined the record and find that no value is placed on the right in contest. We have appellate jurisdiction only when the record affirmatively .shows that the amount in dispute or the *1095 value of the right asserted exceeds $2,000. Article 7, § 10 of the Constitution; Louisiana Board of Pharmacy v. Smith, 221 La. 1026, 61 So.2d 513; Sexton v. Waggoner, 222 La. 680, 63 So.2d 428.
For the reasons assigned, it is ordered that this cause be transferred to the Court of Appeal, Parish of Orleans, pursuant to the provisions of Act No. 19 of 1912, LSA-R.S. 13:4441, 13:4442, the record to be filed in said court by appellant within thirty days from finality of this decree; otherwise the appeal to stand dismissed.