FOURNET, Chief Justice.
August Dixon, claiming to.be the owner of certain land in the parish of Tangipahoa by prescription of 30 years acquirendi *460 causa, instituted a possessory action to be maintained and quieted in his possession of the said land, described as the Southeast Quarter of the Northeast Quarter, Section 33, T. 4 S., R.. 9 E., naming as defendant Samuel Zemurray. Within a few days Zemurray in turn brought suit against August Dixon, claiming that Dixon was merely his tenant who had been in default in the payment of rent for,the past three years, so that he (Zemurray), as the owner, was entitled to proceed by way of rule to evict Dixon. Shortly afterward Dixon died, and Harriett James Dixon, as surviving widow in community and sole heir, was substituted as party plaintiff in Dixon’s suit and as party defendant in Zemurray’s. By way of answer to Zemurray's eviction proceeding, Dixon’s widow set up the 30-year possession on which Dixon’s action was based; in the alternative, she prayed to be allowed to recover the sum of $3,000, the alleged value of improvements placed upon the property by Dixon. The cases were consolidated for trial below and resulted in (1) judgment dismissing the suit of August Dixon, and (2) judgment in favor of Zemurray, ordering and commanding the substituted defendant, Harriett James Dixon, to vacate the land in dispute and surrender the same to Zemurray, but reserving to her the right to remove from the property such of the improvements placed thereon as could be legally moved. Appeals were perfected from both judgments and the cases have been consolidated for argument in this Court. • ■
The present appeals are gov-; erned by the provisions of Article 7, Section 10 of the Louisiana Constitution of 1921, LSA, giving to this Court appellate jurisdiction in civil suits where the amount in dispute exceeds $2,000 exclusive of interest. Since the record fails,to affirmatively disclose that the value of the property claimed by the opposing parties exceeds $2,000, this Court is without jurisdiction of these appeals. Louisiana Board of Pharmacy v. Smith, 221 La. 1026, 61 So.2d 513; State ex rel. Wood v. Davis-Wood Lumber Co., 223 La. 161, 65 So.2d 124; Lerner Shops of Louisiana v. Reeves, 224 La. 33, 68 So.2d 748. The fact that there is an alternative prayer by Dixon’s widow to recover the sum of $3,000 as alleged value of improvements is not a factor in determining our jurisdiction, since the main demand controls. Richardson v. Charles Kirsch & Co., 191 La. 991, 187 So. 1; Succession of Solari, 218 La. 671, 50 So.2d 801; Louisiana State Board of Medical Examiners v. McHenery, 222 La. 984, 64. So.2d 242.
It is ordered that these cases be transferred to the Court of Appeal, First Circuit, provided that the record is filed in that Court within 30 days from the date upon which this decree shall become final; otherwise, the appeals shall be dismissed. The costs in this Court are to be paid by appellant, Harriett James Dixon.
PONDER,- J., recused.