85 So.2d 31

Mrs. Mary L. Schneider WINSBERG, Administratrix of the Estate of Hermand Woodward Winsberg,

v.

Mrs. Sarah Silverman WINSBERG, Mrs. Stella Winsberg Levy, Mrs. Jessie Winsberg Bluhm and Winfred J. Winsberg.

No. 42187.

Jan. 16, 1956.

Solomon S. Goldman, New Orleans, for defendants-appellants.

Arthur B. Hammond, Jr., New Orleans, for plaintiff-appellee.

McCALEB, Justice.

The administratrix of the Succession of Hermand W. Winsberg and tutrix of his only child, Kathleen Hilda Winsberg, brought this suit in the Civil District Court for the Parish of Orleans against the widow and other heirs of Jacob Winsberg, the deceased father of Hermand W. Winsberg, for an accounting of his estate.

Jacob Winsberg died testate on May 8, 1937, being survived by his widow, Mrs. Sarah Winsberg, and four children, Hermand, Winfred, Jessie and Stella, who were placed in possession of his estate by judgment of court in the proportions of 8/12ths to Mrs. Sarah Winsberg and 1/12th each to the four children.

Following the death of Hermand Winsberg in 1948 and the birth of his posthumous child, the administratrix brought the instant proceeding in which she alleged, in substance, that, notwithstanding the judgment placing her late husband in possession of a 1/12th part of his father's estate, the affairs of the succession had continued under the management of his mother, brother and sisters and that he " * * * never received his proportionate share of the incomes, emoluments, salaries and other perquisites of the estate * * * " and, particularly, his share from Winsberg's Store, an enterprise left as a going concern by his late father; that a complete accounting was due by the other heirs for the period from May 8, 1937 through December, 1945 and that it is believed that the interest of the estate of Hermand Winsberg in the estate of his father is worth over $2,000. It was accordingly prayed that an accounting be ordered and further that there be judgment rendered against the defendants for whatever sum the account showed as existing in favor of petitioner.

The trial judge, after a hearing on the question of plaintiff's right to an accounting, being apparently of the opinion that no accounting was due from the business known as "Winsberg's Store", ruled that defendants should only account for the rents and revenues received from the real property. Conformably with this order, defendants filed an account and, subsequently, the parties stipulated that, if anything was due plaintiff, the amount would be $1,460. Thereafter, a judgment was signed ordering defendants to pay plaintiff that sum.

Defendants appeal from this judgment to the Court of Appeal for the Parish of Orleans and plaintiff answered the appeal, contending that the Judge should have ordered defendants to account for their operations of the personal property (Winsberg's Store) as well as the realty. Defendants moved to strike this answer on the ground that plaintiff should have appealed from the judgment denying her the right to an accounting for the personal property. The Court of Appeal rejected defendant's motion and, in the same opinion, came to the conclusion that it was without appellate jurisdiction of the case inasmuch as plaintiff had alleged in her petition that the interest of the Succession of Hermand W. Winsberg in the estate of Jacob Winsberg is worth over $2,000. It accordingly transferred the appeal here. See 75 So.2d 542.

When the appeal was lodged in this Court, defendants moved that it be retransferred to the Court of Appeal,[1] contending that that court is vested with jurisdiction. The motion was submitted for our consideration in conjunction with the merits of the case.

It is our opinion that the motion is well founded as plaintiff has not affirmatively shown that the amount in dispute exceeds $2,000, which is requisite under Section 10 of Article 7 of the Constitution when the appellate jurisdiction of this Court is based upon that ground.

At the outset, it seems manifest that an action for an accounting is not primarily a monetary demand but rather the assertion of a justiciable right which may or may not become the subject of a monied judgment, depending upon whether the district judge upholds or denies the claim. In the case at bar, the judge granted plaintiff only the right to a partial accounting which showed that there was $1,460 due by defendants. Hence, the appellate jurisdiction of the case is to be gauged by that amount, as it was the only monetary sum in dispute at the time the case was submitted to the judge for his decision.[2] The other right in controversy, i. e.—for an accounting of the revenues and profits derived from the personal property of Jacob Winsberg's estate—which was rejected by the judge, is, as we have above stated, incapable of measure in dollars and cents and, unless and until an accounting is ordered, cannot be considered in determining appellate jurisdiction.

The Court of Appeal erroneously, we think, took the position that plaintiff's averment, that the interest of the Suc-

1. This procedure was approved in Richardson v. Charles Kirsch & Co., 191 La. 991, 187 So. 1.

2. State v. Cook, 197 La. 1027, 3 So.2d 114; Walker v. Fitzgerald, 214 La. 293, 37 So.2d 712; Kennedy v. Perry Timber Co., 217 La. 401, 46 So.2d 312 and Ledet v. Rodgers, 220 La. 650, 57 So.2d 217.

cession of Hermand Winsberg in his father's estate exceeded $2,000, was determinative of appellate jurisdiction. In view of the recent authorities of this court that the record must affirmatively show that the amount in dispute exceeds $2,000,[3] an allegation in the petition to that effect will not suffice to vest jurisdiction here, save in cases for recovery of money or property susceptible of accurate monetary appraisement which have been dismissed on exceptions in advance of a trial on their merits.

The Court of Appeal was also mistaken in its belief that our decision in Thalheim v. Gruhler, 216 La. 502, 43 So.2d 907, supported its conclusion that the bare allegation that the interest of the Succession of Hermand Winsberg in Jacob Winsberg's estate exceeded $2,000 could be accepted as controlling the question of appellate jurisdiction. In that case, which was also an action for an accounting, there was no affirmative showing of any amount in controversy but appellant nevertheless sought to confer jurisdiction by filing an affidavit in this Court to the effect that the amount involved exceeded $2,000. We refused to accept this affidavit, holding that the statement therein was merely a legal conclusion, such as we find to be the similar allegation contained in plaintiff's petition in this case. See State ex rel. Roussel v. Grace, 219 La. 1000, 54 So.2d 428.

■ Plaintiff contends that, since the record shows that the property owned by the survivors of Jacob Winsberg, in which the Succession of Hermand Winsberg has an undivided 1/12th interest, is presently valued at $234,995.27, the appellate jurisdiction of this Court is affirmatively established.

The point is not well taken. Plaintiff is not praying for a partition of the property owned in indivision by the defendants and the succession of her late husband; she seeks only an accounting from the defendants for the amount of the interest of Hermand Winsberg's succession in the revenues and profits produced by the property owned in indivision, which have accrued since 1937 when defendants assumed its administration.

For the foregoing reasons, this case is ordered retransferred to the Court of Appeal for the Parish of Orleans, the transfer to be made within 30 days from the finality of this decree, otherwise, the appeal shall be dismissed. The costs incurred in transferring the case from the Court of Appeal to this Court and in retransferring it from this Court to the Court of Appeal

3. Succession of Wesley, 222 La. 411, 62 So.2d 625; State ex rel. Davis v. Oaklawn Land & Improvement Co., 223 La. 7, 64 So.2d 623; Duplantis v. Locascio, 223 La. 11, 64 So.2d 624; Beene v. Pardue, 223 La. 417, 65 So.2d 897; Castleberry v. Ethridge, 223 La. 466, 65 So.2d 138; Lerner Shops of Louisiana, Inc., v. Reeves, 224 La. 33, 68 So.2d 748 and City of New Orleans v. Ryman, 225 La. 1092, 74 So.2d 386.

are to be borne by plaintiff-appellee. Taxation of all other costs are to abide the final disposition of the cause.