86 So.2d 691

**Laura Evelyn Brown GOINS**

v.

**Stanley W. GATES et al.**

No. 42786.

March 26, 1956.

C. W. Berry, Jr., Oakdale, for appellant.

Fusilier & Vidrine, Ville Platte, for plaintiff-appellee.

McCALEB, Justice.

Appellee instituted this suit for recognition of an undivided one-fourth interest

in a 161-acre tract of land situated in Evangeline Parish. She also demanded that an outstanding mineral lease granted by appellant be cancelled and that he account for the rents and revenues of the land and for timber alleged to have been cut or damaged.

After a trial, appellee was decreed to be the owner of an undivided one-fourth interest in the property but all of her other claims were dismissed. In due course, appellant prosecuted this appeal, which appellee now moves to dismiss on the ground that the amount in controversy is insufficient to confer jurisdiction upon this Court.

▪ The motion is well taken. Our appellate jurisdiction being invoked solely on the ground that the value of the things demanded exceeded $2,000, it was essential that it be clearly shown that such is the case. Martin v. Carroll, 220 La. 481, 56 So. 2d 843 and Castleberry v. Ethridge, 223 La. 466, 65 So.2d 138. The record does not exhibit, with certainty, that this jurisdictional requirement has been met.

▪ Appellant's contention that sufficient evidence has been adduced to establish that the claimed one-fourth interest in the land exceeds $2,000 is not sustained by the record. The instruments on which he depends consist of deeds transferring various undivided interests in either the land or the mineral rights and include a mineral lease executed in 1953 for a bonus of $500, plus delay rentals of $25 an acre. The

transfers of the undivided interests do not make manifest the value of the land with any degree of definiteness and, in the absence of evidence that the delay rentals under the lease have been paid for at least two years or that plaintiff's interest in the mineral rights are otherwise valued at a specific sum, this court will not entertain jurisdiction for, as above pointed out, the record must affirmatively exhibit that the amount in controversy exceeds $2,000.

▪ Nor does appellee's claim for an accounting for rents and revenues and for timber alleged to be cut and damaged furnish any basis for the establishment of the amount in controversy. We have but recently decided, in the case of Mrs. Mary L. Schneider Winsberg v. Winsberg, La., 85 So.2d 31, that an action for an accounting is not primarily a monetary demand but, rather, the assertion of a justiciable right which may or may not become the subject of a monied judgment. Therefore, the matter of appellate jurisdiction of this court can only attach in cases wherein an accounting has been ordered and judgment has been entered for an amount in excess of $2,000. Since the trial judge did not find any sum due by appellant to appellee, there is no amount now in dispute, other than the value of the plaintiff's interest in the property, by which the appellate jurisdiction of this court may be gauged.

▪ Appellant has filed a sworn statement in this Court that the property is worth between $25 and $30 per acre. This

affidavit will not be considered. See Louisiana Board of Pharmacy v. Smith, 221 La. 1026, 61 So.2d 513; Succession of Wesley, 222 La. 411, 62 So.2d 625; Sexton v. Waggoner, 222 La. 680, 63 So.2d 423 and Duplantis v. Locascio, 223 La. 11, 64 So.2d 624.

It is therefore ordered that the appeal be transferred to the Court of Appeal, First Circuit, provided the record is filed in that court within 30 days from the date of the finality of this decree; otherwise, the appeal shall be dismissed. The costs incurred in this court are to be paid by appellant.