For the reasons assigned the judgment appealed from is affirmed.

**96 So.2d 500**

**Succession of Joseph J. GAUDIN.**

**No. 43015.**

June 10, 1957.

Breazeale, Sachse & Wilson, Baton Rouge, for appellant.

Kantrow, Spaht, West & Kleinpeter, by Carlos G. Spaht, Baton Rouge, for appellee.

McCALEB, Justice.

The universal legatee under a will executed by her deceased uncle, Joseph J. Gaudin, presented the will for probate. The brother of decedent opposed the probate and the district judge sustained the opposition, holding the will invalid on the ground that it does not comply with the form prescribed by law. Hence this appeal.

■■ Since the succession effects have not been inventoried and there is no evidence in the record as to their value, this Court is without appellate jurisdiction of the case, our jurisdiction being dependent upon whether the fund to be distributed exceeds $2,000, irrespective of the amount claimed. Section 10, Article 7 of the Constitution; Succession of Bechtel, 231 La. 459, 91 So.2d 602 and authorities there cited.

Counsel for appellant, nevertheless, profess that we have jurisdiction for two reasons. First, it is said that, forasmuch as the parties have declared in a joint motion to have the case placed on the preference docket that the amount involved in the succession exceeds $50,000, our appellate jurisdiction is amply shown as this Court has original jurisdiction under Section 10 of Article 7 of the Constitution, to determine questions of fact affecting its own appellate jurisdiction in any case pending before it.

There can be no doubt of our constitutional power to consider affidavits or other evidence for the purpose of establishing appellate jurisdiction and the Court has done so in the past. See Succession of Price, 172 La. 606, 134 So. 907; Frierson v. Cooper, 196 La. 450, 199 So. 388 and many other cases. But, in recent years, the Court has reversed its policy and we have consistently held that it must be affirmatively shown by the record that the amount in dispute or to be distributed exceeds $2,000 and that no affidavits, stipulations or declarations will be received for the purpose of establishing jurisdiction here.[1] Succession of Derouen, 216 La. 957, 45 So.2d 91; Succession of Wesley, 222 La. 411, 62 So.2d 625 and Succession of Bechtel, supra.

Counsel also point out that this Court must have already concluded that it has jurisdiction of the appeal because the case was placed on our preference docket notwithstanding the alternative plea contained in the joint motion that the case be trans-

[1]. The only exception to this rule occurs in cases which have been dismissed on exceptions in advance of a trial on their merits. In those matters the Court is perforce required to accept the well-pleaded allegations as to the amount in dispute as establishing appellate jurisdiction. See Winsberg v. Winsberg, 229 La. 61, 85 So.2d 31.

ferred to the Court of Appeal in the event we did not consider that there was a sufficient showing that the amount to be distributed exceeded $2,000.

Counsel labor under a misapprehension. The signing of the order placing the case on the preference docket cannot in any sense be regarded as a holding that this Court was vested with jurisdiction of the appeal.

It is therefore ordered that the case be transferred to the Court of Appeal, First Circuit provided that the record is filed in that Court within 30 days from the date upon which this decree shall become final; otherwise, the appeal shall be dismissed. The costs incurred in this Court shall be paid by appellant.