98 So.2d 603 (1957)
Morris ANISMAN, Plaintiff-Appellant,
v.
STANOLIND OIL AND GAS COMPANY, Defendant-Appellee.
No. 8702.
Court of Appeal of Louisiana, Second Circuit.
October 30, 1957.
Rehearing Denied November 26, 1957.
Writ of Certiorari Denied January 9, 1958.
Jackson, Mayer & Kennedy, Shreveport, for appellant.
Simon & Carroll, Shreveport, for appellee.
HARDY, Judge.
Plaintiff, alleging himself to be the owner of fractional interests in units of land *604 located in Caddo Parish, Louisiana, integrated and pooled by order of the Commissioner of Conversation for development and operation, instituted this suit against defendant as the designated operator of said units, praying for an accounting of gas and other products produced and marketed by defendant, and for judgment for a fair market value of plaintiff's fractional interest in the aggregate products. Defendant interposed exceptions to the jurisdiction ratione materiae, of no cause of action and of vagueness. Pursuant to an order of court sustaining the exception of vagueness, plaintiff filed a supplemental and amended petition, attached and incorporated in which were the unitization orders issued by the Conservation Commissioner. In his supplemental petition plaintiff alleged the issuance of an order of the Commissioner of Conservation fixing the costs of drilling, completing and equipping wells on the two units involved, and further alleged that he had never consented nor agreed to such costs as fixed by the Commissioner.
Subsequent to plaintiff's filing defendant filed a pleading supplementing its exceptions to the jurisdiction and of no cause of action for the purpose of making said exceptions appropriate to plaintiff's amended pleading, and attached thereto the order of the Commissioner of Conservation fixing the drilling costs for the wells on the pooled units.
Defendant's plea to the jurisdiction ratione materiae appears to be primarily predicated upon the contention that a fixing of drilling and operating costs is exclusively a function of the Commissioner of Conservation and that any order of the Commissioner is reviewable only in a suit for injunction naming the Commissioner as defendant, which suit must be brought in the parish in which the principal office of the Commissioner is located. In other words, defendant urges that the order of the Commissioner fixing drilling costs cannot be collaterally attacked and is subject to judicial review only in an injunction proceeding instituted in East Baton Rouge Parish.
Additionally, defendant contends that all administrative remedies must be exhausted before judicial relief can be sought.
We think much confusion can be avoided, in considering the issue tendered by this appeal, by confining our discussion to the nature and purpose of the relief which is sought by plaintiff. It is noted that plaintiff makes no attack upon the orders of the Commissioner of Conservation integrating the drilling units and pooling the lands comprising the same, nor does his petition seek to annul or set aside any order of the Commissioner. Plaintiff's suit can only be interpreted as an action to compel an accounting. It is not necessary that we look beyond this case for authority to support this conclusion. The appeal in this case was originally taken to the Supreme Court and by that tribunal transferred to this court, Anisman v. Stanolind Oil & Gas Co., 232 La. 514, 94 So.2d 650, 651. In its opinion effecting the transfer of the appeal the Supreme Court recognized the nature of plaintiff's action:
"In this suit, plaintiff, in substance, prayed for an accounting of the entire quantity of gas and other products, produced and sold by the defendantoperator appointed by the Department of Conservation, from certain unitized areas embracing acreage owned by him. He also sought to recover his proportionate share of the market value of such products."
In its opinion the court quoted from Winsberg v. Winsberg, 229 La. 61, 85 So. 2d 31, 32. Not with reference to the question of jurisdiction but for the purpose of supporting our conclusion as to the nature of plaintiff's action, we set forth a portion of the same quotation as follows:
"* * * an action for an accounting is not primarily a monetary demand but rather the assertion of a justiciable right which may or may *605 not become the subject of a monied (sic) judgment, depending upon whether the district judge upholds or denies the claim."
Certainly the instant action is a suit for an accounting in which plaintiff asserts a justiciable right. Plaintiff is the owner of interests in real property located in Caddo Parish; he is seeking an accounting for the value of products recovered and sold from his property. On the face of his petition plaintiff has asserted a cause and right of action over which the district court in and for the Parish of Caddo has full jurisdiction ratione materiae.
The issue which defendant has attempted to raise involving the validity of the order of the Commissioner of Conservation fixing the costs of operating and producing the pooled units may be an incident to the trial of this suit, but we cannot perceive how such an issue at this time affects either the jurisdiction of plaintiff's demands or his cause of action.
It should also be pointed out that the Commissioner of Conservation has no interest, nor is he officially involved in plaintiff's action for an accounting. It is true that the statute (LSA-R.S. 30:12) provides that an interested person adversely affected by an order of the Commissioner and who has exhausted his administrative remedy may obtain court review and seek relief by a suit for an injunction against the Commissioner as defendant and that such suit must be instituted in the district court of the parish in which the principal office of the Commissioner is located. Notwithstanding this provision, we do not have here a matter in which the Commissioner has any interest, nor over which he has any jurisdiction. An injunction suit by this plaintiff against the Commissioner could not possibly accord him the relief which he seeks, for the Commissioner is without any power or authority to compel an accounting and render judgment with reference to properties over which the district court for Caddo Parish has original jurisdiction. It follows that a suit by plaintiff against the Commissioner of Conservation could not procure the relief which is sought in this proceeding.
Before this court defendant further urges its exception of no cause of action. Counsel for defendant argues that the petition does not allege that defendant owes plaintiff anything, and that there is no allegation that the value of production has exceeded the reasonable cost of development and operation. We point out that these are matters which, so far as plaintiff is concerned, are beyond his knowledge and involve issues of fact which can only be determined by trial. Plaintiff's right to an accounting is not affected by the fact that the cost of operation may have exceeded the value of products marketed, nor is it affected by defendant's right to retain the value of products marketed up to a sum sufficient to cover the cost of development and operation. These are issues of fact, the ultimate determination of which must be dependent upon proof.
For the reasons assigned the judgment appealed from is annulled and set aside; defendant's exceptions to the jurisdiction ratione materiae and no cause of action are overruled and this cause is remanded to the Honorable and First Judicial District Court in and for the Parish of Caddo for further proceedings. Costs of this appeal are taxed against defendant-appellee.