HAMLIN, Justice.
Appellees, Sarah Bostic Hopkins and Lilly Mae Hopkins Floyd, who by judgment of the trial court were adjudged the surviving widow in community and sole heir, respectively, of John L. Hopkins, move for the transfer of this appeal to the Court of Appeal, First Circuit. They allege that the sole asset of the succession of the deceased, a tract of land situated in East Baton Rouge Parish, is worth only $2,000 or less, which is an amount insufficient to lodge appellate jurisdiction in this Court. Article VII, Sec. 10, Louisiana Constitution of 1921; West’s LSA— Constitution, Art. 7, Sec. 10(3).
The instant matter involves a determination of whether John L. Hopkins was married to appellee, Sarah Bostic Hopkins, or to appellant, Rosetta Williams Hall, at the time of his death; or whether he was married to Sarah Bostic Hopkins, and living with Rosetta Williams Hall under conditions which would cause her to be recognized as his putative wife. A solution of these questions is controlling of the ownership of the property comprising the estate of the deceased and the legal rights of all parties litigant, the alleged wives and their children.
Article VII, Sec. 35, Louisiana Constitution of 1921, provides that the dis *93 trict courts of this State shall have exclusive original jurisdiction of all probate and succession matters. The Courts of Appeal have appellate jurisdiction of all matters of which the district courts have exclusive original jurisdiction, except those to which the Supreme Court is given jurisdiction. Article VII, Sec. 29, Louisiana Constitution of 1921. A probate matter is a civil suit, and the amount in controversy in such suits must exceed $2,000 to vest appellate jurisdiction in the Supreme Court. Article VII, Sec. 10, Louisiana Constitution of 1921. See, Succession of Lloyd, 224 La. 911, 71 So.2d 324.
There is no monetary value attached to the determination of the relationship of John L. Hopkins to either Sarah Bostic Hopkins or Rosetta Williams Hall; the question is one connected with the probate proceedings of the deceased and does not come within the appellate jurisdiction of this Court for the reason that the succession assets amount to $2,000 or less.
It is alleged in plaintiffs’ petition that the succession of the deceased is composed of one asset, supra, having a fair market value of $2,000. This figure is not controverted in the petition of Rosetta Williams Hall, appearing individually and on behalf of her minor children.
The deceased purchased the property on August 1, 1941 for $400; none of the parties litigant have favored the Court with an appraisal as of the time of death, December 16, 1947.
An examination of the record discloses that no inventory has been taken. “ * * * In the absence of an inventory or other evidence revealing the assets of the succession and their value, there is no affirmative showing that the fund to be distributed exceeds $2,000, which is essential in order to vest the Court with appellate jurisdiction of this type of case. Succession of Derouen, 216 La. 957, 45 So.2d 91 and Succession of Wesley, 222 La. 411, 62 So.2d 625. * * * ” Succession of Bechtel, 231 La. 459, 91 So.2d 602, 603. See also, Jefferson v. Tennant, 234 La. 994, 102 So.2d 243; Anisman v. Stanolind Oil & Gas Co., 232 La. 514, 94 So.2d 650; Thomas v. Southdown Sugars, Inc., 231 La. 75, 90 So.2d 682; Dixon v. Zemurray, 227 La. 457, 79 So.2d 738; City of New Orleans v. Langenstein, 227 La. 770, 80 So.2d 402.
For the reasons assigned, and by virtue of LSA-R.S. 13:4441, 13:4442, it is ordered that this appeal be transferred to the Court of Appeal, First Circuit, provided the record be filed in that court within thirty (30) days from the date this judgment shall become effective; otherwise, the appeal shall be dismissed. The costs of this Court are to be paid by appellant.