### No. 9408.

THE STATE EX REL. NEW ORLEANS GAS LIGHT COMPANY VS. JUDGE OF SECOND CITY COURT OF NEW ORLEANS.

A city court has no jurisdiction over a suit, the object of which is to obtain a perpetual injunction to prevent the exercise of a right exceeding in value one hundred dollars.

APPLICATION for Prohibition.

---

*T. J. Semmes & Payne* for the Relator.

*A. A. Ker* and *J. Duvigneaud* for the Respondent.

---

The opinion of the Court was delivered by

BERMUDEZ, C. J. The relator prays that the defendant be prohibited from exercising jurisdiction over an injunction suit brought before

the court over which he presides and that the proceedings in said case be produced, for the determination of the issue presented.

The city judge, though personally served, has made no return.

The complaint is that one Lemarié has brought an injunction suit against the relator, for the purpose of prohibiting it from shutting off his supply of gas at his residence in this city; that the grounds on which the writ was asked and obtained are that, in the years 1880 and 1882, relator held out that it would charge for gas $2.50 per 1000 cubic feet with 20 per cent off for prompt payment; that the advertisement made to that effect constitutes a contract; that relator had rendered a bill for $20.40 in violation of the alleged contract; that the relator is charging by the hour so as to avoid its charter requirements and has exceeded its chartered rights; that he (Lemarié) is not bound to pay the said bill as shown to be in excess of the charter of the company and its alleged contract; that he has been notified that the gas would be shut off unless he pays said bill.

The relator contends that the only matter before said city court is the right of the plaintiff to interfere with the control of the mains and pipes of the company and its possession of its gas flowing through said mains and pipes, into said residence, and whether he will be entitled to the indefinite control of said pipes and gas until relator changes its system, which will involve an expenditure exceeding $150,000.

The relator charges that of such a controversy, said city court has no jurisdiction; that it has usurped power and exceeded its jurisdiction, in granting said injunction and entertaining said suit.

The jurisdiction of city courts in the parish of Orleans, which are otherwise assimilated to justices of the peace and regulated by the laws relative to such functionaries, is restricted to cognizance and determination of controversies in which the rights asserted to either money or to property movable in character, are not of a value exceeding one hundred dollars exclusive of interest. It extends also to cases of ejectment of tenants. Const. 135; C. P. 1062; R. S. 2047, 2057, 2156; 34 Ann. 1142; 32 Ann. 1222; 33 Ann. 15, 146; 34 Ann. 99.

In the case of State ex rel. Fredricks vs. Skinner, 33 Ann. 146, we had occasion to consider and determine the nature of jurisdiction of such city courts, and we reiterate the views therein expressed.

In the injunction suit brought against the relator before the city court, the plaintiff makes no money demand, but he claims rights which, if they are recognized, would be worth to him largely in excess

of one hundred dollars. The judgment of that court, were it to go in his favor, would affect rights of the company worth to them an incalculable amount of money.

The plaintiff asks a perpetual injunction prohibiting the company from shutting the gas supply from his residence. It is manifest that the unlimited and indefinite use of gas secured by a final judgment to the plaintiff would by far exceed in value the sum of one hundred dollars.

The city court had clearly no jurisdiction over the suit, and the injunction issued by it is invalid and should be dissolved.

It is therefore ordered and decreed that the order of injunction rendered by said city court and the writ issued thereunder be declared to have been granted without authority and be dissolved, and

It is further ordered and decreed that the restraining order herein made be maintained and that the prohibition asked be made perpetual.

Rehearing refused.