No. 1270.

CHARLES CLERC VS. S. BOUDREAUX, MAYOR, AND BOARD OF TRUSTEES OF THE TOWN OF NEW IBERIA, AND FELIX MESTAYER, LESSEE.

(Consolidated with)

AUGUST PASCAL

VS.

S. BOUDREAUX, MAYOR, ET ALS.

A justice of the peace has no jurisdiction *ratione materiæ* to entertain a suit, in which damages actually suffered, amounting to $90 00, are demanded, and in which defendants are enjoined from claiming and collecting daily charges for the use of a market stall, and from closing same and keeping it closed, and from ever interfering with him in his business." 37 Ann. 583, State ex rel. New Orleans vs. Judge; 33 Ann. 146, State ex rel. Fredricks vs. Skinner.

APPEAL from the First Justice's Court, Sixth Ward, Parish of Iberia. *Duleus*, J.

Clerc vs. Boudreaux, Mayor.

*E. Simon* and *T. D. Foster* for Plaintiffs and Appellants:

1. Justices of the peace have jurisdiction in all matters except succession or probate matters, where the amount in dispute does not exceed one hundred dollars. See State Constitution, Art 125: Code of Practice, Art. 1064.
2. They have jurisdiction for sums of money, whether debts, taxes or fines, provided they do not exceed one hundred dollars. C. P. Arts. 1063-1064.
3. To determine jurisdiction *ratione materiæ*, the amount in dispute at the time the suit is filed must govern and control, and not future amounts that may or may not accrue. C. P. Arts. 87, 88, 91; State Const., Art. 125.

Courts cannot confer jurisdiction. C. P. Art. 92.

*Breaux & Renoudet* for Defendants and Appellees:

The plaintiffs pray to obtain a perpetual injunction to prevent the exercise of a right exceeding in value one hundred dollars. The State ex rel N. O. Gas Light Co. vs. Judge et al. 37 Ann. 583.

They desire to have a lease annulled—the rental is more than seventeen hundred dollars—and to prevent the lessee of the corporation of New Iberia from collecting more than one hundred dollars each month during the existence of the lease.

Plaintiffs do not allege that the specific rates and charges are not collectible for certain mentioned days, but they pray that the defendant corporation and others be forever enjoined from collecting any rates and charges during the extent of the lease. The lease attacked commences on 1st September, 1885, and will end August 31, 1886.

The plaintiffs seek the Court's sanction not to pay these charges and thus to enable them to carry on business, paying more than one hundred dollars each month, without paying any charges or dues to the corporation.

They—if defendant's position be correct—have no right to carry on business without paying a license. hence the question of carrying on business is involved.

Plaintiffs each claim ninety dollars. They put at issue the validity of the town charter and of the ordinances, and the right of the corporation to collect certain dues.

In all these matters at issue the court *a qua* is without jurisdiction *ratione materiæ*.

---

The opinion of the Court was delivered by

WATKINS, J. The cases are consolidated, and the plaintiffs' appeal from the judgment of the justice of the peace maintaining the exception of no jurisdiction *ratione materiæ* filed by the defendant.

Plaintiff enjoined the town corporation of New Iberia, and Felix Mestayer, lessee, from collecting a daily charge or tariff imposed upon them as butchers, and also from closing up their places of business, on the ground that the ordinance adopted August 10, 1885, under which the daily charge and tariff was imposed, was unconstitutional and illegal.

I.

The only question to be considered in determining the jurisdiction of the justice of the peace is "the amount in dispute." Does the "amount in dispute  *  *  exceed one hundred dollars, exclusive of interest?" Const. Art. 125.

The plaintiff, Clerc, alleges in his petition that he, as the keeper of

a private market in the town of New Iberia, was required by the defendants to pay "certain charges on his business to the amount of twenty-five cents daily, for his stall　*　*　sixty cents and other charges daily for every slaughtered animal which he has for sale, etc.," or upon his refusal so to do, his place of business was closed up without warrant of law.

He further alleges that "the *action* of said parties is unconstitutional and illegal　*　*　and by said illegal acts referred to he *has been* damaged in the sum of $90　*　*　*　and that they will *daily enforce* the pretended and illegal ordinance of the board of trustees, and that he will suffer an irreparable injury thereby unless restrained and enjoined *　*　from interfering with his business."

He prays an injunction against the mayor and lessee restraining them "and all other agents acting under them, from demanding and collecting *daily* the said pretended and illegal charges and taxes, and from closing and keeping closed his above mentioned premises, and from *ever interfering* with him in his business *in anywise*　*　*　and that they be condemned to pay *in solido* the amount of $90, etc."

Felix Mestayer, one of defendants, sets forth that he has "leased the market-house of the corporation of New Iberia, with the right to collect all rates, charges and tariffs annexed thereto, *as set forth in plaintiff's petition,* for twelve months, beginning on the 1st day of September, 1885, and ending 31st of August, 1886, for the price of $1,712 50, and particularly the right to collect the rates and charges mentioned from Charles Clerc, extending throughout the said lease," etc.

He avers that, though the specific rates and charges are to be collected daily, he is enjoined from collecting same during the whole extent of, and at any time during the said lease, and the amount involved largely exceeds one hundred dollars; that the monthly rent, or rate of said Charles Clerc, largely exceeds $100, and "the right to carry on said business without paying said license is involved;" and plaintiff also claims $90 actually sustained.

He excepts that the justice of the peace was without jurisdiction *ratione materiæ* to try this cause.

This suit was filed on the 1st of September, 1885, at the incipiency of the lease.

The case of Pascal vs. same defendant, involves the same issues.

On the trial one witness testifies that he keeps a butcher's stall in the New Iberia market-house, and that his "business exceeds $100 per month; it amounts to $8 or $9 per day—gross sales," though he does not know the amount of the business of Charles Clerc.

Clerc vs. Boudreaux, Mayor.

The plaintiff, Aug. Pascal, as a witness, states that he kept a stall outside of the market-house, and his daily sales of meat amounted to about $6, and exceeded $100 per month.

Felix Mestayer testified that Mr. Charles Clerc's business is larger than that of J. Courrigé's and August Pascal's.

The plaintiff, in each of these consolidated suits, enjoins the defendants from demanding and collecting the daily rates and charges for the use of market stalls, and from closing same and keeping same closed, and "from *ever* interfering with him in his business, in anywise, and demands the sum of $90 damages actually sustained.

The judgment of the court appealed from, dismissing the two suits for want of jurisdiction *ratione materiæ*, was unquestionably correct, and it is therefore affirmed, the plaintiff and appellant to pay cost of both courts.