HAWTHORNE, Justice.
The defendants,' Dr. Joseph A. LaNasa, Mrs. Leola Dalton LaNasa, and Emblem, Inc., have appealed to this court from a judgment of the district court enjoining them from operating and using certain real *956 ■property in New Orleans for any commercial purposes whatever. The City of New Orleans sought the injunction on the ground •that the property in question was classified “B-Residential” under the city’s zoning laws, and that the property’s use was therefore restricted to residential purposes.
Appellee, the City of New Orleans, has filed in this court a motion to dismiss the appeal on the ground that this court does not have appellate jurisdiction under Article 7, Section 10, of the Louisiana Constitution because the record does not affirmatively show that the amount in dispute exceeds $2,000.
The pleadings contain an allegation that the property when classified as residential is worth approximately $15,000, whereas, if classified as commercial, it would be worth approximately $75,000. Moreover, according to an expert in the real estate and appraisal business who testified as a witness in the case, the market value of the property for residential purposes is approximately $30,000, and its market value for commercial purposes would be approximately $65,000. Therefore, according to this testimony there is a difference of about $35,000 between the market value of the property for residential uses and that for commercial uses, and there is no evidence in the record to the contrary.
In injunction suits it is the value of the right in contest which determines whether this court has appellate jurisdiction. Frierson v. Cooper, 196 La. 450, 199 So. 388; City of New Orleans v. Ryman, 225 La. 1092, 74 So.2d 386. See also Louisiana Board of Pharmacy v. Smith, 221 La. 1026, 61 So.2d 513; Harris v. Pierce, 224 La. 585, 70 So.2d 134; Plauche v. Albert, 215 La. 776, 41 So.2d 677.
The judgment of the lower court in issuing the injunction denied to the defendants the right to use the property for commercial purposes, and this right, as affirmatively shown by the pleadings and the testimony adduced, is worth in excess of $2,000. Hence this court has appellate jurisdiction.
Appellee concedes that the record affirmatively shows that there is a difference of more than $2,000 between the market value of the property when used for residential purposes and its market value when used for commercial purposes, but contends that this court does not have appellate jurisdiction because there is no affirmative showing that the right to use the property for business or commercial purposes is in excess of $2,000. We do not think there is any merit in this contention. The right to use the property for commercial purposes increases its market value by far more than $2,000, and consequently the value of this right, which is the right in contest, exceeds the minimum sum within the appellate jurisdiction of this court.
The motion to dismiss the appeal is denied.