**83 So.2d 643**

**Dr. E. A. JOHNSON et al.**

**v.**

**Thomas (Dude) NORA.**

**No. 42433.**

**Nov. 7, 1955.**

Watson & Williams, Natchitoches, for defendant-appellant.

Julian E. Bailes, Gerard F. Thomss, Jr., Natchitoches, for plaintiffs-appellees.

HAWTHORNE, Justice.

This suit was instituted by 14 residents of the City of Natchitoches to enjoin the defendant from operating in that city a dance hall, cafe, beer parlor, and package store, all known as the "Fifth Street Package Store", and to recover $250 each as damages. After trial the lower court issued a permanent injunction prohibiting the defendant from conducting this business, and the defendant appealed from the judgment. In this court appellees have moved to dismiss the appeal.

In injunction suits it is well settled that the value of the right in contest determines whether this court has appellate jurisdiction. City of New Orleans v. La-Nasa, 227 La. 953, 81 So.2d 7, and authorities therein cited. The record in the instant case does not affirmatively show that the value of the right here in contest exceeds $2,000, and consequently this court is without appellate jurisdiction. Art. 7, Sec. 10, La.Const. of 1921.

In arguing that this court has jurisdiction of the instant appeal counsel for appellant rely on the fact that during the trial on the merits appellant was asked: "Now, has this lawsuit put you to any expense, Nora?" In answer to this question appellant enumerated his attorney's fees and certain expenses he had incurred, and then continued: "I estimate about seven or eight thousand dollars knock on my place of business." We do not think this statement alone is sufficient to confer upon us appellate jurisdiction. It is not an affirmative showing that the right in dispute exceeds $2,000 but is merely a conjecture or speculation by the defendant, and there is no proof whatever in the record in support of this estimate.

Appellant has filed in this court an affidavit stating that the value of the right involved here exceeds $2,000. This court, however, will not give consideration to an affidavit filed here for the purpose of fixing appellate jurisdiction. Beene v. Pardue, 223 La. 417, 65 So.2d 897, and authorities therein cited.

Furthermore, the fact that there are 14 plaintiffs each claiming $250 as damages, the aggregate of which is more than $2,000, will not confer appellate jurisdiction upon this court, because separate and distinct claims of parties plaintiff cannot be cumulated for the purpose of giving this court jurisdiction. Bascle v. Perez, 224 La. 1014, 71 So.2d 551; Hernandez v. Ethyl Corp., 224 La. 470, 70 So.2d 92.

Since there is no affirmative allegation or proof that the right in controversy in this

case exceeds $2,000 exclusive of interest, this appeal must be transferred to the Court of Appeal.

Accordingly, this case is ordered transferred to the Court of Appeal, Second Circuit, provided that the record is filed in that court within 30 days from the date on which this decree becomes final; otherwise the appeal shall be dismissed. The appellant is to pay the costs of this appeal to the Supreme Court; all other costs are to await the final disposition of the case.