McBRIDE, Judge.
Park Place Association and Edmond G. Miranne instituted this suit seeking to enjoin New Orleans City Park Improvement Association from entering into a proposed contract of lease with New Orleans Pelicans, Inc., the subject of the lease being the stadium in New Orleans City Park. The proposed agreement between said parties is part of the evidence, and it reflects that the term of the lease is from March 15, 1958 to September 15, 1958, at a rental of $10,000 which “shall be placed in escrow at a time and place to be designated by the” lessor. After a trial of the case on the merits in the court below, the suit was dismissed. Plaintiff perfected this appeal from the judgment.
It is well settled in the jurisprudence of Louisiana that in injunction suits the value of the right in contest is determinative of the question of appellate jurisdiction. Ragusa v. American Metal Works, Inc., 1956, 229 La. 440, 86 So.2d 95; Johnson v. Nora, 1955, 228 La. 603, 83 So.2d 643; City of New Orleans v. La Nasa, 1955, 227 La. 953, 81 So.2d 7; Lerner Shops of Louisiana, Inc., v. Reeves, 1953, 224 La. 33, 68 So.2d 748; Breland v. City of Bogalusa, 1950, 217 La. 727, 47 So.2d 334; Frierson v. Cooper, 1940, 196 La. 450, 199 So. 388, 389.
It affirmatively appears that the defendant by virtue of the proposed lease agreement, if executed, will derive a profit or income of $10,000, and for the purpose of fixing the value of the right in contest in this case, said amount must serve as the standard or criterion.
In Frierson v. Cooper, supra, the plaintiffs instituted suit to enjoin the defendant from playing or permitting music to be played at night in the courtyard in the rear of defendant’s place of business. The Supreme Court determined it had jurisdiction of the appeal in that case saying:
“ * * * it appears that the defendant derives a net profit from his business, after paying the operation expenses, of over $9,000 a year. * * * the right to use the patio and have music therein is of a value in excess of $5,000 per year. Taking into consideration the volume of the relator’s business and the volume of the business derived from the use of the music as an added attraction would in our opinion make the restricted right sought to be enjoined herein of a value in excess of $2,000. * * * ”
The plaintiffs in Johnson v. Nora, supra, sought to enjoin the defendant from operating a dance hall, etc. The Supreme Court declined jurisdiction of the case since there was no affirmative allegation or proof that the value of the thing in controversy, i. e., the right to operate the business, was in excess of $2,000.
In Ragusa v. American Metal Works, Inc., supra, plaintiffs prayed for an injunction prohibiting defendant from operating its metal working establishment. The record did not show affirmatively that the right in controversy was more than $2,000, and the case was transferred to the Court of Appeal.
It clearly appearing that the value of the right in contest is more than the sum of $2,000 and exceeds our maximum jurisdiction, we cannot take cognizance of or adjudicate upon the appeal. LSA-Const. 1921, Art. 7, '§§ 10, 29.
Pursuant to the authority vested in this court by LSA-R.S. 13:4441,
It is now ordered, adjudged and decreed that the appeal in this cause be transferred to the Supreme Court, provided that the proper record be filed there within sixty days from the date this judgment becomes final and effective; otherwise the appeal shall stand as dismissed. Appellants are cast for the costs of this court.
Appeal transferred to the Supreme Court.
*523 JANVIER, J., takes no part.