Following the submission of this case for our consideration counsel for the respective litigants filed a joint motion "suggesting to the Court that movers desire to dismiss the appeal herein taken by Wiltz J. LeBlanc, plaintiff."

Accordingly, it is ordered, adjudged and decreed that the appeal in the above entitled and numbered cause be and the same is hereby dismissed at plaintiff's costs.

HAMLIN, J., recused.

119 So.2d 842

**Emile ESKINE and Augustine E. Hall**

**v.**

**Alfred BROWN, Edna Ross, and Emily L. Ramagos.**

**No. 43453.**

April 25, 1960.

730

Blanchard & Blanchard, Farrell A. Blanchard, Donaldsonville, for defendants-appellants.

Neal N. Bagwell, White Castle, for plaintiffs-appellees.

HAWTHORNE, Justice.

Emile Eskine and Augustine E. Hall instituted this suit against Alfred Brown, Edna Ross, and Emily L. Ramagos for a mandatory injunction to compel them to remove certain obstructions alleged to be located on Walton Street in the unincorporated village of Port Barrow and for a permanent injunction to restrain defendants from obstructing the street in the future. In this suit each of the petitioners also sought damages of $2,000 against the three defendants in solido. In addition they asked for $750 attorney's fees.

The judgment of the district court ordered the defendants to remove the obstructions from the street and permanently enjoined defendants from obstructing the street in the future, but made no award to plaintiffs for damages and attorney's fees. The defendants have appealed.[1]

After the appeal was lodged here, appellants filed a motion alleging that this court is without appellate jurisdiction and asking that the case be transferred to the proper Court of Appeal. This motion has merit and will be granted.

■ It is well settled that in injunction suits the value of the right in contest determines appellate jurisdiction. City of New Orleans v. La Nasa, 227 La. 953, 81 So.2d 7; Johnson v. Nora, 228 La. 603, 83 So.2d 643; Ragusa v. American Metal Works, 229 La. 440, 86 So.2d 95. The record in the instant case does not affirmatively show that the value of the right here in contest exceeds $2,000, and consequently this court is without appellate jurisdiction.

■ Since each of the plaintiffs seeks to recover damages of $2,000 from the defendants in solido, the aggregate of their claims is more than $2,000. This fact, however, does not confer appellate jurisdiction upon this court because separate and distinct claims of parties plaintiff cannot be cumulated for the purpose of giving this court appellate jurisdiction. Johnson v. Nora, supra; see Morgan v. Dixie Electric Membership Corporation, 235 La. 196, 103 So.2d 88.

■ Plaintiffs' claim for attorney's fees in the instant case cannot be considered to be part of the amount in dispute for jurisdictional purposes because here the claim for attorney's fees is not based on contract or statute or on the theory that the fees are damages for the dissolution of a conservatory writ. Griffin v. Bank of Abbeville & Trust Co., 228 La. 857, 84 So.2d 437; Brantley v. Tugwell, 223 La. 763, 66 So.2d 800.

---

1. In brief filed in this court appellants contend that the district court erred in its refusal to grant them a continuance and a new trial.

It is thus evident that this court is without appellate jurisdiction since under Article 7, Section 10, of the Louisiana Constitution of 1921 it would have appellate jurisdiction of this case only if the amount in dispute exceeded $2,000.

For the reasons assigned the case is ordered transferred to the Court of Appeal, First Circuit, provided that the record is filed in that court within 30 days from the date on which this decree shall become final; otherwise the appeal shall be dismissed. Appellants are to pay the costs of this appeal to the Supreme Court; taxation of all other costs is to await the final disposition of the case.