JONES, Judge.
Plaintiffs, Emile Eskine and Augustine Hall, alleging themselves to be the owners of property fronting on a public street, viz., Walton Street, between Sixth and Seventh Streets, in the Village of Port Barrow, bring this suit against Alfred Brown, Edna Ross and Emily L. Ramagos for a mandatory injunction to compel defendants to remove certain obstructions, consisting of buildings and fences, allegedly located within the boundaries of Walton Street. They further pray for a permanent injunction to restrain defendants from obstructing the street in the future and, in addition, seek the recovery of damages as well as attorney’s fees.
After many delays, consisting of exceptions and a prayer for oyer, all of which were overruled, no complaint being herein urged from said rulings, defendants filed a joint answer consisting of a general denial with the exception that in Article 20 of the answer, they stated “that if any street existed where they are now located, that it was abandoned more than twenty years ago and that defendants have been continuously possessing the property since that period”.
The case was assigned for trial for January 15, 1957 and, on that date, counsel for defendants filed a motion for a continuance on the ground of “physical ailments” of the defendant, Emily L. Ramagos. The motion was overruled and the case ordered to trial but counsel for defendants did not participate in said trial although the two defendants other than Emily Ramagos were present at the trial and testified in the case. At the conclusion of the trial, judgment was rendered and signed on January 15, 1957, in ’favor of plaintiffs and against the defendants ordering the removal by defendants of all buildings, fences and other obstructions from that portion of Walton Street between Sixth and Seventh Streets and permanently enjoining defendants from obstructing Walton Street in the future. The' claims for damages and attorney’s fees were not allowed.
Defendants filed a motion for a new trial, alleging that the judgment was contrary to the law and the evidence for the reason that a motion for continuance was timely filed based on the ground that the principal defendant, Emily Ramagos, could not appear for trial due to the fact that she was confined to her bed because of illness, which was duly certified by the certificate of Dr. Folse, which was filed along with the motion for continuance. It was further alleged that the court abused its discretion by going on with the trial without the opportunity being afforded the principal defendant, Emily Ramagos, to appear in court and present her testimony and make her defense.
The application for a new trial was refused and defendants perfected a suspensive appeal to the Supreme Court, 239 La. 729, 119 So.2d 842. However, that court, holding it was without appellate jurisdiction, transferred the case to this court!
Defendants-appellants complain in this court of the refusal of the District Court to grant a continuance when a principal party defendant could not be in court because of physical infirmities and of the refusal of the District Court to grant a new trial and permit defendant, Emily L. Ramagos, to have her day in court. However, we note, on the last page of brief submitted by defendants’ counsel, he stated he could not argue on the merits of the case because the evidence of the defendant, Emily L. Ramagos, is not in the record, which, of course, it would have been if she, as contended by her, had had her day in court. It is admitted that the final result might not have been changed but it is contended that the important point is that she *686 had an absolute right to have her day in court.
This suit was filed in June of 1955 and, after many delays, most of which were caused by defendants, was by joint motion of attorneys for plaintiffs and defendants fixed for trial on the merits for January 15,. 1957. On January 14, .1957, at .about 3:30 p. rn. (tr. 51), it is shown in the trial judge’s written reasons for refusing the continuance that Mr. Farrell Blanchard, the junior member of the law firm of Blanchard and Blanchard, presented himself at the office of the District Judge with a motion for a continuance based upon the ground that one of the defendants, Emily L. Ramagos, was unable to attend court due to “physical ailments”, and attached to the motion was a. certificate signed by Dr. Folse, dated January 12th, stating that “Mrs. Ram-agos is under my care and treatment and should not be allowed out of bed for at least a week”. The judge stated he would not pass on the motion in advance but would consider it on the next morning — the date fixed for the trial — but, at the suggestion of Mr. Blanchard, he telephoned the opposing attorney, Mr. Bagwell, to ascertain if he would consent to the continuance of the case. The opposing attorney refused to consent to the continuance on the ground that he had been endeavoring for a long time to get the case tried. The judge further stated that while Mr. Blanchard was in his office he asked him the type of ailment from which Mrs. Ramagos was suffering and was told that she was suffering from a leg injury, which she had received a month or more previously, and he, the judge, felt that since this attorney had known of the injury at least a month previously he could think of no reason why an attempt was not made to take her testimony out of court, or at least an explanation made of why her testimony could not be so taken. The judge further pointed out in his reasons that counsel for defendants had previously filed an exception of no right of action and an exception of non-joinder on May 21, 1956, even though an exception of no right and no cause of action had previously been overruled by Judge Yarrut on December 13, 1955. For these reasons, the judge stated it was obvious to him that dilatory tactics had been resorted to in order to prevent the trial of the case. He further pointed out that counsel for plaintiffs had summoned his witnesses, one of whom was from out of the parish, and they were all present in court and, under the circumstances, he felt he was entitled to exercise his discretion and he accordingly overruled the motion for continuance.
The continuance herein is sought not on the ground of the absence of a witness but on the ground of the absence of a party to the suit due to a physical ailment. The manner of obtaining a continuance in case of the absence of a witness is prescribed by Articles 465, 466, 467 and 471 of the Code of Practice. The Code of Practice is silent insofar as the obtaining of a continuance by a party to a suit is concerned but Article 468 provides as follows :
“The court have, besides, a discretionary power to grant continuance whenever the cause alleged by the party applying for it appears sufficient to justify the same.”
The provisions of Article 468 have been construed by the courts in only two cases, so far as we are able to find, where the motion for a continuance was refused by the District Judge to a party to a suit on the ground of illness and the refusal of the District Judge to grant the continuance was upheld in each case. The first of these is Cameron v. Lane, 36 La.Ann. 716. It is true in this case that the allegation in the motion was made that the defendant was ill but it was further alleged that her testimony was indispensable to her defense. The motion was not accompanied by a doctor’s certificate. It was further pointed out that the motion did not show that the defendant had been unexpectedly taken suddenly ill for, had that been the situation, the Judge would probably have ruled otherwise. In addition, the merits of the case were commented upon and it was stated *687 that the defendant had not been deprived or stripped of any of her legal rights. In a comment upon the discretionary power of the trial judge under Article 468 of the Code of Practice, the court stated “this Article involves the discretion which is lodged in courts of the first instance, and hence it has been uniformly held by this court that such a discretion is very great and exceedingly delicate, and that it will never be interfered with by the appellate tribunal, except in extreme cases, where it appears that a glaring injustice has been done to the party applying for a continuance.”
The second case, Gillentine v. McLeod, La.App., 70 So.2d 384, 387, was a suit by a doctor for fees for professional services wherein the defendant patient denied the indebtedness and filed a reconventional demand for damages for the failure of the doctor to properly diagnose and treat her. When the case was called for trial, counsel for defendant, plaintiff in reconvention, moved the court to continue the case because of his client’s illness and her inability to attend court in person. The continuance was denied and the case duly tried. In this case, a doctor’s certificate accompanied the motion for a continuance and, in addition thereto, on the date of the trial, defendant’s mother and father both testified that she was ill. During the trial, counsel for defendant dismissed the reconventional demand as in a case of non-suit and the trial was had simply on the question as to whether plaintiff doctor should recover his professional fee for the treatment of defendant. The court considered the merits of the case and held that there was no evidence in the record to outweigh the evidence submitted by the plaintiff as to the extent of his service and the correctness of his charges and reiterated that defendant had summoned no doctors to refute the correctness of the claim. The court commented with approval on the following statement made by the District Judge to counsel for defendant after the request for the continuance had been made:
“It appears from your own statement that that certificate is based upon hearsay and there is nothing in the statement that states or to the effect that the defendant in suit and plaintiff in reconvention is not able to have her testimony taken out of court; and under those circumstances, I am going to exercise my discretion and order the case tried. That is too serious a matter to keep going over. Her testimony should have been taken before today. Her sickness and her situation must have been known to counsel long before today.”
Thus, it is apparent that where the trial judge has refused a continuance under the discretionary power afforded him by Article 468 of the Code of Practice that the appellate courts will look into the merits of the case in order to determine if the party has been done an injustice which, of course, would constitute an abuse of that discretion. Before proceeding, however, to a discussion of merits of the matter, we think it appropriate to point out in regard to a continuance being granted to a party to the suit, American Jurisprudence, Volume 12, Continuances, Section 15, states as follows:
“The illness of a party which prevents his attendance at the trial is generally considered ground for a continuance, where it appears that his presence is indispensably necessary and there is hope for an early recovery to health. * * * ” (Italics ours.)
 Plaintiffs proved at the trial that they were the owners of property fronting on Walton Street, between Sixth and Seventh Streets. They further proved that Walton Street was a public street which was laid out and designated on a map of a subdivision owner and subdivided by one Buford and consequently this constituted a dedication of said street to the public. The lots owned by them were likewise proved to have been bought as a result of the plat of said subdivision. The testimony of the *688 plaintiffs, as well as the documentary evidence and pictures that were introduced in evidence convincingly show that the houses of the defendants are constructed within the confines of Walton Street and, as a matter of fact, the two defendants other than Emily L. Ramagos admitted that they were living in houses located within the boundary of Walton Street. Further than this, the plaintiffs proved that these houses interfered with their access to and use of this public street. Thus, we hardly see how the presence of the defendant, Emily Ramagos, was indispensably necessary. Had she been present at the trial and denied that her house was within the boundary of Walton Street, it could have availed her nothing because the proof was overwhelming that such was the situation. The only other defense contained in the answer is that if the street did exist where the houses were located it was abandoned more than twenty years ago and that defendants have been continuously possessing the property for that period. Article 861 of the LSA-Civil Code provides that where works have been formerly built on public places and which obstruct or embarrass the use of these places, they may be destroyed at the instance of any individual of full age residing in the place where they are situated and paragraph 2 of this Article provides as follows:
“And the owner of these works can not prevent their being destroyed under pretext of any prescription or possession, even immemorial, which he may have had of it, if it be proved that at the time these works were constructed, the soil on which they are built was public, and has not ceased to be so since.”
Further, in the case of Sheen v. Stothart, 29 La.Ann. 630, it was held “mere non usage by the public of the soil forming part of a public street will not prescribe against the right of the municipal corporation, and the public, to resume its use and clear it of obstructions.”
Thus, even though this defendant could have proved an abandonment or non-usage of the property by the public for a period of twenty years, it could avail her nothing and her house would still be subject to removal from the public street.
Counsel for appellants in brief relies on the case of Alford v. Glenn et al., La.App., 185 So. 720, and State ex rel. Armstrong v. McNoughton, 183 La. 697, 164 So. 630, in an effort to show that the trial judge abused his discretion in refusing a continuance. The facts of these cases are quite different from the present case. In the Glenn case, the trial court fixed the case for trial three days after issue was joined, the nature of the suit being a petitory action in which the defendant claimed title to 160 acres of land. The court held in refusing the continuance that the trial judge abused his discretion in going to trial because counsel for defendant did not have time to properly prepare the defense. The Mc-Noughton case was a habeas corpus proceeding and there the father of the child had not had time to obtain the record from the Texas court wherein he had been awarded the custody of the child. It was accordingly held that the action of the trial judge in going to trial under the circumstances and refusing a continuance constituted an abuse of discretion.
It is true that defendants filed a motion for a new trial wherein the first ground was based on the refusal to grant the continuance and the second ground was based on the fact that defendant, as a result of the refusal of continuance, was deprived of her evidence and testimony in making her defense. It is pertinent to note that in the motion for continuance, it was not stated that it was necessary for the defendant to give testimony and, further, it is noted that in the motion for a continuance this defendant was not referred to as the principal defendant and we see no reason why she was more important than the other two defendants who testified in the case for the *689 reason that all of them were obstructing the public street. It might be further added that in the motion for a new trial it was not set forth what evidence or testimony the defendant proposed to introduce in order to make her defense and we are of the opinion from the trial on the merits of this case that the reason therefor is that she could not set forth any testimony that would entitle her to a new trial.
In a determination of whether a trial judge has abused his discretion in refusing to grant a continuance the facts of the particular case must be carefully analyzed. This is a suit for an injunction which had been pending in the trial court from June of 1955 and, due mostly to delays occasioned by exceptions and pleas filed by counsel for the defendants as well as the obtaining of one continuance, the case was not tried until January 15, 1957. While it is true that counsel for defendants filed a motion for a continuance on the trial date accompanied by a doctor’s certificate which did not state that defendant was unable to be in court but simply that she was under his care and treatment and should not be allowed out of bed for a week, the statement of the trial' judge shows this defendant was not suffering from any illness but she had hurt her leg about two months before the trial and at the time that her counsel filed a motion for continuance he had known of her leg injury for a period of at least a month. It does seem that had the counsel for the defendant exercised due diligence he would have taken the deposition of the defendant, Emily L. Ramagos.
Accordingly, being of the opinion there was no abuse of discretion by the District Court in refusing to grant the continuance and being of the further opinion that he was correct in overruling the motion for a new trial as well as granting a judgment in favor of plaintiffs and against defendants on the merits, the judgment appealed from will be affirmed at the cost of the defendants.
Affirmed.