BOUTALL, Judge.
The Parish of Jefferson brought a civil suit for an injunction against Paul Paciera, Sr. and/or Paul Paciera, Jr. ordering them to cease operation of a trucking business and parking heavy trucks and storing said vehicles on a certain piece of real estate which they own at 3616 Fourth Street, Harvey. The case was filed in the Second Parish Court for the Parish of Jefferson, and after a hearing, the judge dismissed the petition on its merits, and the Parish appealed to this court.
The main issue on the appeal, as in the trial court, was whether the Parish was engaged in selective enforcement of its ordinances because adjacent land owners were also in violation of the ordinances. The Second Parish Court for the Parish of Jefferson is a court of limited jurisdiction and we noted that there was an apparent lack of subject matter jurisdiction for that court to entertain a civil injunction suit against the land owner. C.C.P. art. 3 provides that if subject matter jurisdiction is lacking, the judgment is void. Therefore we were unable to render a judgment on the merits in favor of one party or the other because any such judgment would be unenforceable. Accordingly, we held the matter in abeyance and requested the parties to file briefs on this point, since it was not raised in the appellate pleadings.
The subject matter of this suit is the right of a land owner to use and control his private property, a civil right granted under the provisions of Article 1, Section 4 of the Louisiana Constitution of 1974. We quote:
“Section 4. Every person has the right to acquire, own, control, use, enjoy, protect, and dispose of private property. This right is subject to reasonable statutory restrictions and the reasonable exercise of the police power.

The land owner’s right to use is subject to the government’s political rights of reasonable statutory restrictions and the reasonable exercise of the police power. There is no question on the merits as to the right of the Parish to make reasonable restrictions but rather its right to enforce its restrictions in this manner. That leads to the question now raised: in what court should it proceed to assert such authority?
*647 The question is quite plainly answered by reference to Article 5, Section 16 of the Constitution of 1974:
“(A) Original Jurisdiction. Except as otherwise authorized by this constitution, a district court shall have original jurisdiction of all civil and criminal matters. It shall have exclusive original jurisdiction ... of cases involving ... civil or political rights; _”
This civil injunction suit can only be filed in the district court. The Second Parish Court cannot have jurisdiction unless it is somehow constitutionally granted. We find only statutory grants of subject matter jurisdiction to the parish court.
Appellants have referred us to C.C.P. Art. 4848 which restricts the jurisdiction of parish courts in certain cases, arguing that in this case the parish is a party plaintiff and this case does not come under any of the limitations expressed.
“C.C.P. ART. 4848. Limitations upon jurisdiction
A parish court, city court, or justice of the peace court has no jurisdiction in any of the following cases or proceedings:
(1) A case involving title to immovable property;
(2) A case involving the right to public office or position;
(3) A case in which the plaintiff asserts civil or political rights under the federal or state constitutions;
(4) A claim for annulment of marriage, separation from bed and board, divorce, separation of property, or alimony;
(5) A succession, interdiction, receivership, liquidation, habeas corpus, or quo warranto proceeding;
(6) A case in which the state, or parish, municipal, or other political corporation is a defendant; and •
(7) Any other case or proceedings excepted from the jurisdiction of these courts by law.”
These limitations seem to be generally a rephrasing of the constitutional grant of original exclusive jurisdiction to the district courts. We especially point to Section (3) of the article. Any interpretation of that article must be in accordance with the constitutional provision. We further note Section (7) which contains a catchall limitation of any case excepted from the jurisdiction of parish courts by law.
Accordingly, we hold that the Second Parish Court has no jurisdiction over the subject matter in this case, and that the district court has the original exclusive jurisdiction. Because the trial court lacked jurisdiction over the subject matter, the judgment is void under the provisions of C.C.P. Art. 3 and we must annul it and set it aside, without expressing any opinion on the merits of the case.
For these reasons, the judgment appealed from is annulled and rendered of no effect. The plaintiff’s suit is dismissed for lack of subject matter jurisdiction. All costs are to be cast upon the appellant insofar as they are applicable.
JUDGMENT ANNULLED; CASE DISMISSED.