496 So.2d 266 (1986)
PARISH OF JEFFERSON
v.
Paul PACIERA.
No. 86-C-0693.
Supreme Court of Louisiana.
October 20, 1986.
Rehearing Denied November 13, 1986.
Anthony Messina, Louis Gruntz, Jr., Ronald Gillen, Jefferson, for applicant.
Charles Smith, Lawrence J. Genin, Gretna, for respondent.
MARCUS, Justice.
The Parish of Jefferson brought a suit for an injunction against Paul Paciera, Sr. and/or Paul Paciera, Jr., ordering them to cease operation of a trucking business and the parking of heavy trucks and storage of these vehicles on a certain piece of real estate which they own at 3616 Fourth Street, Harvey, Louisiana. It was alleged that these activities were in violation of local zoning ordinances. The case was filed in the Second Parish Court for the Parish of Jefferson and, after trial on the merits, the judge rendered judgment in favor *267 of Paul Paciera, dismissing the Parish's suit. In written reasons for judgment, the judge found that the Parish was impermissibly engaged in selective enforcement of its ordinances because adjacent landowners were also in violation of the ordinances.
The Parish appealed the trial judge's dismissal of the injunctive suit against Paciera. The court of appeal, ex proprio motu, noted an apparent lack of subject matter jurisdiction for the Second Parish Court to entertain an injunction suit against Paciera and requested the parties to file briefs on the jurisdictional issue.
After briefing on the issue, the court of appeal concluded that the subject matter of this suit was the right of landowner Paciera to use and control his private property, a civil right guaranteed by Article 1, Section 4 of the Louisiana Constitution of 1974.[1] The court further held that the landowner's right to use his property was subject to the government's political rights of reasonable statutory restriction and the reasonable exercise of the police power. Therefore, since the instant case involved civil or political rights, the district court had exclusive original jurisdiction of the case under the provisions of Article 5, Section 16 of the Louisiana Constitution of 1974.[2] Because the parish court was without subject matter jurisdiction of the case, the court of appeal found that the judgment of the parish court was void under the provisions of La.Code Civ.P. art. 3.[3]Parish of Jefferson v. Paciera, 483 So.2d 646 (La.App. 5th Cir.1986). On application of the Parish, we granted certiorari to review the correctness of that decision.[4]
The Parish of Jefferson urges that the court of appeal erred in characterizing this suit as one involving civil or political rights and thus within the exclusive original jurisdiction of the district court pursuant to Article 5, Section 16 of the Louisiana Constitution of 1974. In its briefs and in oral argument, the Parish made a strong case for its position that an injunctive action for the enforcement of a zoning ordinance is not an action involving civil or political rights so as to invoke the exclusive original jurisdiction of the district court under Article 5, Section 16 of the Louisiana Constitution. However, it was not only unnecessary but also erroneous for the court of appeal to reach the constitutional issue on which it based its decision that the parish court lacked subject matter jurisdiction over the instant dispute. We find that the Second Parish Court lacked the requisite subject matter jurisdiction because the amount in dispute in this case was in excess of the statutory limits placed upon the Second Parish Court for the Parish of Jefferson, and thus we consider it unnecessary to rule on the constitutional issue addressed by the court of appeal.[5]
The subject matter jurisdiction of parish courts is generally limited both by the amount in dispute and by the nature of the *268 proceeding. La.Code Civ.P. arts. 4841(A) and 4846, as amended by Acts 1986, No. 156, § 1; see also La.R.S. 13:1442. Article 4842 of the Code of Civil Procedure provides that "[t]he civil jurisdiction of a parish court is concurrent with the district court in cases where the amount in dispute, or the value of the property involved, does not exceed five thousand dollars." See also La.R.S. 13:1443(A). The civil subject matter jurisdiction of the Second Parish Court of the Parish of Jefferson is further specifically limited to cases "where the amount in dispute, or the value of the property involved, does not exceed two thousand dollars, exclusive of interest, costs and attorney fees." La.R.S. 13:2562.2. Cases where the amount in dispute exceeds these limits must be heard by a district court, which has original jurisdiction of all civil and criminal matters. La. Const. art. 5, § 16(A).
For the purposes of determining whether a case is within the jurisdiction of a parish court, "the amount in dispute is determined by the amount demanded or value asserted in good faith by the plaintiff, but does not include interest, court costs, attorney fees, or penalties, whether provided by agreement or by law." La.Code Civ.P. art. 4841(B); cf. La.Code Civ.P. art. 4. In the instant suit, the Parish of Jefferson seeks no monetary relief but rather seeks to enforce its zoning ordinances by injunction. A trial court of limited jurisdiction may not entertain a suit for an injunction where the value of the rights asserted exceeds the jurisdictional limits of the court. Woodard v. Johnson, 178 La. 501, 152 So. 65 (1933); Clerc v. Boudreaux, 38 La.Ann. 732 (1886); State ex rel. New Orleans Gas Light Company v. Judge of Second City Court of New Orleans, 37 La.Ann. 583 (1885). Thus, in the instant case, the court must determine the value to the plaintiff of the object sought to be enforced by injunction, namely, the cessation of defendant Paciera's truck repair activities at 3616 Fourth Street. However, the cessation of Paciera's activities, although clearly a valuable object to the Parish and its citizens, is not easily susceptible of valuation from the standpoint of the Parish.
Our research has not revealed any decision by this court addressing the precise question now before us, that is, the method of valuation of the amount in dispute in an injunction proceeding for the purpose of determining whether a trial court of limited jurisdiction (here the parish court) has subject matter jurisdiction of the case. However, in a number of cases, this court has had to value the amount in dispute in injunction suits for the purpose of determining whether this court had appellate jurisdiction of the case.[6] Concededly, in these valuations, the court was not bound by the "plaintiff viewpoint" rule of arts. 4841(B) and 4 of the Louisiana Code of Civil Procedure. Nevertheless, the valuation process articulated in these cases is useful in resolving the instant case.
Under Article 7, Section 10(3) of the 1921 constitution, it was well settled that in injunction suits the value of the right in contest determined the appellate jurisdiction of the supreme court. Eskine v. Brown, 239 La. 729, 119 So.2d 842 (1960); Katz v. Singerman, 238 La. 915, 117 So.2d 56 (1960); City of New Orleans v. LaNasa, 227 La. 953, 81 So.2d 7 (1955). In LaNasa particularly, this court was faced with an almost identical problem of valuation. In that case, the City of New Orleans brought suit to enjoin LaNasa from operating and using certain real property for commercial purposes. The injunction was granted, and LaNasa appealed to this court. The City filed a motion to dismiss the appeal on the ground that the supreme court did not have appellate jurisdiction because the record did not affirmatively show that the amount in dispute exceeded $2,000, the minimum amount to invoke the appellate jurisdiction *269 of the supreme court under Article 7, Section 10 of the Louisiana Constitution of 1921. In denying the City's motion, we held that
[t]he right to use the property for commercial purposes increases its market value by far more than $2,000, and consequently the value of this right, which is the right in contest, exceeds the minimum sum within the appellate jurisdiction of this court.
Like LaNasa, the instant case also presents an injunctive suit by a municipality for enforcement of zoning ordinances. However, unlike the court in LaNasa, this court is bound by the statutorily prescribed "plaintiff viewpoint" rule of valuing amount in dispute. Nevertheless, because the amount in dispute here is not easily susceptible of valuation, we hold that, as in LaNasa, the amount in dispute for jurisdictional purposes in the instant case is the value of Paciera's right to use his property for the commercial purposes sought to be enjoined by the Parish. In so holding, we do no violence to Louisiana's "plaintiff viewpoint" rule, as it logically follows that the value of enforcement of a zoning ordinance to the public at large (who are the real parties in interest in such enforcement actions) must at least equal the loss sustained by the defendant who is regulated.
Having concluded that the jurisdictional amount is to be determined in this case by the loss to the defendant resulting from the requested injunction, we now turn to the record. At the trial of this matter, Mr. Paciera testified that he received $500 a month for the rental of part of the property in question from a William Sheppard, who used the property for truck repairs and other trucking business complained of by the Parish. Mr. Paciera further testified that he used the remainder of the property for the repair and operation of his own trucks, which use would also be barred by the injunction requested by the Parish. It is clear, therefore, that the potential loss to defendant Paciera, and thus the amount in dispute in this case, greatly exceeds $2,000, the jurisdictional ceiling of the Second Parish Court for the Parish of Jefferson, where this case was tried. We therefore find that the Second Parish Court was without jurisdiction to decide this case and thus, pursuant to La.Code Civ.P. art. 3,[7] the judgment rendered by the Second Parish Court is void. Hence, the parish's suit should be dismissed.

DECREE
For reasons other than those of the court of appeal, we affirm the judgment of that court.
LEMMON, J., concurs.

On Application for Rehearing
PER CURIAM.
Applicant for rehearing has called our attention to Act 152 of 1986 (adding La.R.S. 13:1443(D) and La.Code Civ.P. art. 4845.1) which was unpublished at the time our opinion was rendered. We have considered this act and conclude that it does not affect the result here. Applicant has also called our attention to Act 1038 of 1986 (amending La.R.S. 13:2562.2), which increased the jurisdictional ceiling of the Second Parish Court for the Parish of Jefferson from $2,000 to $5,000. However, whether or not such an amendment is retroactive to a case previously tried, we find that, in either instance, the result here is not affected, as the record fully supports that the amount in dispute exceeds $5,000. Accordingly, we deny the application for rehearing.
DENNIS, J. would grant rehearing.
LEMMON, Justice, concurs.
Act 152 simply granted jurisdiction to the parish court in cases filed by a political subdivision for injunctive relief, but did not purport to eliminate the limitation on the jurisdictional amount.
NOTES
[1] Article 1, Section 4 of the Louisiana Constitution of 1974 provides in relevant part:

Every person has the right to acquire, own, control, use, enjoy, protect, and dispose of private property. This right is subject to reasonable statutory restrictions and the reasonable exercise of the police power.
[2] Article 5, Section 16 of the Louisiana Constitution of 1974 provides in relevant part:

Except as otherwise authorized by this constitution, a district court shall have original jurisdiction of all civil and criminal matters. It shall have exclusive original jurisdiction of felony cases and of cases involving title to immovable property; the right to office or other public position; civil or political rights; probate and succession matters; the state, a political corporation, or political subdivisions, or a succession, as a defendant; and the appointment of receivers or liquidators for corporations or partnerships.
[3] La.Code Civ.P. art. 3 provides:

The jurisdiction of a court over the subject matter of an action or proceeding cannot be conferred by consent of the parties. A judgment rendered by a court which has no jurisdiction over the subject matter of the action or proceeding is void.
[4] 488 So.2d 684 (La.1986).
[5] It is a long-standing judicial principle that courts will not consider constitutional challenges unless necessary to the resolution of a dispute. Benson & Gold Chevrolet, Inc. v. Louisiana Motor Vehicle Commission, 403 So.2d 13, 23 (La.1981), and cases cited therein.
[6] Article 7, Section 10(3) of the Louisiana Constitution of 1921 provided in relevant part that "[the supreme court] shall have appellate jurisdiction in civil suits where the amount in dispute, or the fund to be distributed, irrespective of the amount therein claimed, shall exceed two thousand dollars exclusive of interest...."
[7] See footnote 3, supra.