FOIL, Judge.
This appeal challenges the authority of a city court to issue an order enjoining construction of a residence. We hold the city court lacked jurisdiction over the subject matter of the case and reverse.
Defendants, Sylvia Mouledous and Ronald Natal, purchased a lot in Eden Isles Subdivision. The subdivision’s building restrictions require owners to submit plans and specifications to a control committee and to ultimately obtain approval from the committee prior to initiating construction. Defendants began construction on their home without complying with these restrictions.
On August 27, 1987, the Eden Isles Architectural Control Committee For Units Three and Four instituted this suit in the City Court of Slidell, seeking to enjoin further construction until the building restrictions had been complied with. That day, the court issued a temporary restraining order prohibiting further construction by defendants and set a date for the hearing on the preliminary injunction.
Subsequently, defendants filed a declina-tory exception of lack of subject matter jurisdiction, asserting that the value of the property involved exceeded the $10,000.00 jurisdictional limitation of the city court. At a hearing on October 21, 1987, for reasons assigned, the court overruled the exception and signed the judgment on November 10, 1987. The court believed the value of the property was immaterial and the only issue before it was whether the building restrictions had been violated. Upon finding the restrictions had been violated, the court issued an injunction prohib *135 iting future construction without plaintiffs prior written approval and ordered defendants to submit plans and specifications to plaintiff. Additionally, the court ordered defendants to pay a plan review fee, found defendants guilty of contempt and fined them $500.00, and ordered defendants to pay $750.00 in attorney’s fees.
We conclude the city court lacked jurisdiction to enjoin construction of the residence. R.S. 13:2487.18 and La.Code Civ. Pro. art. 4843 limit the jurisdiction of the City Court of Slidell to those cases in which the value of the property involved, or the amount in dispute, does not exceed $10,-000.00. In Parish of Jefferson v. Paciera, 496 So.2d 266 (La.1986), the Supreme Court enunciated the method for evaluating the amount in dispute in an injunction proceeding to determine whether a court of limited jurisdiction has subject matter jurisdiction. In Paciera, the court held the amount in dispute for jurisdictional purposes is the value of the person’s right to use the property for the ‘ purposes sought to be enjoined.
In the case at hand, plaintiff sought to enjoin construction of a residence already in progress. The record shows that at the time plaintiff initially requested the temporary restraining order, defendants had poured the slab and lumber worth over $10,000.00 was on the lot. We conclude the value of the right sought to be enjoined (continued construction of a home already in progress) exceeded the jurisdictional limitation of the City Court of Slidell. Accordingly, the judgment of the court is vacated in its entirety. The case is remanded to the trial court and the trial court is ordered to transfer the case to the Twenty-Second Judicial District, in and for the Parish of St. Tammany. Plaintiffs are cast with the costs of this appeal.
REVERSED AND REMANDED.