ROBERT A. CHAISSON, Judge.
| aH4th & B, Inc., appeals a judgment finding it in violation of health, safety and welfare ordinances of Jefferson Parish, as well as La. R.S. 13:1873, by allowing buildings on its property to fall into ruin, and by storing old vehicles and other debris on the property. For the following reasons, we vacate the judgment as it applies to the zoning issue and remand the matter to the district court for a-new trial on the questions of whether there is a non-conforming use for the property, and if so, the parameters of that use.
FACTS AND PROCEDURAL HISTORY
H4th & B, Inc. is the owner of property located at 3608, 3616, and 3618 4th Street in Harvey, which has been used in the past as a service station, tire repair shop, tow truck facility, and a truck and related equipment storage area. In the late 1980’s, Jefferson Parish took action in the parish court to correct what it deemed to be a zoning violation at the site. In Parish of Jefferson v. Paciera, 496 So.2d 266 (La.1986), the court ruled that the parish court did not have jurisdiction to entertain the case, and therefore vacated the parish court judgment and dismissed the matter. It does not appear that any further legal action was taken by the parish until June 8, 2009, when it filed the present petition alleging that the property owner was in violation of the Jefferson Parish Code of Ordinances, Section 19-16, (JPCO 19-16) as well as La. R.S. 33:1374. It was specifically alleged that trash, debris, inoperable vehicles, and other miscellaneous rusted equipment parts, as well as a derelict building and a decayed house trailer, found on the property, were all in violation of the above laws relating to public health, safety and welfare. It also alleged that the owner was in violation of the Cl zoning classification of the property.
The defendant urged an exception of prescription, citing the prior case of Parish of Jefferson v. Paciera, as proof that the parish knew of the non-conforming use of the property as early as 1986. This exception was heard at trial on the merits on September 14, 2010. The case was taken under advisement and judgment was signed on June 8, 2011. The exception of prescription was overruled, the parish prevailed on the merits, and defendant was ordered to remove the objects on the property which constituted’ the violations of the health, safety and welfare laws. Through an apparent oversight, the judgment was not mailed to the litigants until May 1, 2013. The defendant thereupon filed a motion for a new trial, arguing that the condition of the property had changed dramatically since rendition of the judgment, and that there were new facts now present which warranted that the matter be heard again. It also argued the judgment was clearly contrary to the law and evidence and reasserted its exception of prescription as to the non-conforming use. The motion for a new trial was denied, and this appeal followed.
^DISCUSSION
Two assignments of error are presented. First, defendant reasserts that enforcement of the zoning violation was prescribed as provided in La. R.S. 9:5625. Second, it argues that the motion for a *570 new trial should have been granted on the basis of newly discovered evidence as per La. C.C.Pr. art. 1972(2).
Ón the issue of prescription, La. R.S. 9:5625 provides that the enforcement authority must have received written notice of the violation to commence the running of prescription. The parish argues here that defendant did not prove that the parish had written notice, of the alleged infraction in 1986, and therefore that his exception of prescription must fail. In Parish of Jefferson v. Paciera, supra at 266, the court stated that “[t]he Parish of Jefferson brought a suit for an injunction against Paul Paciera, Sr. and Paul Paciera, Jr., ordering them to cease operation of a trucking business and the parking of heavy trucks and storage of these vehicles on a certain piece of real estate they own at 3616 Fourth Street, Harvey, Louisiana.” Paul Paciera, Jr. (now deceased) was the owner of H4th & B, Inc., and the property in question is located at 3616 Fourth Street. A key element to establish that prescription has commenced is knowledge by the parish, and that generally requires written notice. See Phillips’ Bar and Restaurant, Inc. v. City of New Orleans, 12-1396 (La.App. 4 Cir. 4/24/13), 116 So.3d 92, 103. However, where the parish has instituted legal action to stop an alleged zoning violation, its own lawsuit proves that it has had the requisite notice to commence the running of prescription. The second element required by La. R.S. 9:5625 to establish that prescription has accrued is proof by the party alleging prescription that his non-conforming use has been continuous for a period of five years from the time that prescription commenced. Even where the property owner proves the accrual of prescription (and thereby the acquisition of a legal non-conforming use), the parish |Bmay nonetheless pursue a zoning enforcement action if it is able to prove termination of the non-conforming use status by abandonment or discontinuance. In such a case, after proof of the accrual of prescription by the property owner, the burden of proof shifts to the parish to prove termination of the non-conforming use status. See Phillips’, Id.
In this case, the parish proceeded against defendant on the dual grounds that its activities violated the C-1 zoning of the property, as well as under the public nuisance laws, specifically La. R.S. 33:1373 and the Jefferson Parish Code of Ordinances, Section 19-16. It is not disputed by defendant that the evidence established that there were violations of the parish nuisance laws in regard to the decayed building and trailer, as well as numerous old and inoperable pieces of equipment. Apparently, those violations have now been rectified.
What is disputed here is whether the non-conforming use of operation of a “trucking business and the parking of heavy trucks and storage of these vehicles” on the property was continuous. Our review of the record reveals two possible readings of the judgment. One reading would mean that the trial judge never actually ruled on the issue, and the other would mean that to the extent that he did rule on it, that ruling was in error. We reach the above conclusion because of the following facts related to the prescription issue. At trial, the parish initially argued that the violations of JPCO 19-16 and the C-l zoning ordinance were the same, and that neither could be subject to prescription since both laws related to health and safety. This position is clearly contrary to La. R.S. 9:5625(B) which provides that once prescription on zoning enforcement has run, the non-conforming use becomes legal so long as it continues, and La. R.S. 9:5625(E) which provides that “[t]he provisions of this Section shall supersede any' *571 other provisions of law inconsistent herewith.” Thus, if the trucking business, including storage of vehicles on the | fiproperty, were found to be continuous, these uses would have become a legal nonconforming use.
In closing argument, the parish attorney apparently abandoned the position that the zoning problems were imprescriptible when she stated that “[i]mproper use of the C-l zone, the' parish concedes that there is a use other than the C-l zoning allowed at this property. However, Your Honor, that does not allow [defendant] a pass to violate all laws.” There can be no interpretation of this language other than that the parish was admitting that there was indeed a non-conforming use to which the property could be put, although the exact nature of that use was not specified.
In the judgment, the judge wrote that “[w]ith regard to prescription, the alleged violations are, and have been, ongoing, they are not prescribed.” It is not clear to this court whether that sentence refers to the nuisance violations or the zoning violations, or both. If it is taken to support the proposition that the zoning violation was continuous, then the legal result would be that defendant had established some continuous non-conforming use of the property, although that use is not further defined, and the exception of prescription should have been maintained. If the judgment is read to mean that the zoning violation is deemed imprescriptible, then, as discussed above, the judgment is also erroneous. A third reading of the language that the “violations are, and have been, ongoing” .is that it refers only to the nuisance violations, and therefore that the zoning issue was simply ignored. We are thus unable to ascertain with any certainty what the judgment means, and that being the case, we cannot know what factual determinations were necessarily made to support any of the possible readings. We finally note that if the zoning issue was not in fact addressed, then the judgment is only a partial judgment and as such not appealable as per La. C.C.P. art. 1915(B).
On the issue of whether a new trial should have been granted, we conclude that it should have been. Although the appellant argues that La. C.C.P. art. 1972(2) applies here, we disagree. That article applies when evidence existing at the time of trial is not discovered before or during the trial, in spite of due diligence. It does not apply to evidence which did not exist at the time of trial, but only came into being after judgment was rendered. See Hansel v. Holyfield, 00-0062 (La.App. 4 Cir. 12/27/00), 779 So.2d 939, writ denied, 01-0279 (La.4/12/01), 789 So.2d 591. Nonetheless, La. C.C.P. art. 1971 provides that a court may grant a new trial on its own motion, and La. C.C.P. art. 1972(1) allows such action when the judgment appears contrary to the law and evidence.
Although a reviewing court will not ordinarily disturb a judgment denying a motion for a new trial, when there has been an abuse of discretion it will do so. See Warner v. Carimi Law Finn, 98-613 (La.App. 5 Cir. 12/16/98), 725 So.2d 592, writ denied, 99-0466 (La.4/1/99), 742 So.2d 560. Here, because of the over two-year delay between signing of the judgment and its mailing to the parties, the original judge is no longer on the district court. The new judge was therefore in the same position in considering the motion for a new trial as is this court now. Because of the confusion in the judgment, and the fact that the judgment is contrary to applicable law and evidence presented, we deem that the trial judge should have conducted a new trial on the issue of prescription on the zoning infraction, and we conclude that he abused his discretion in not doing so.
*572 CONCLUSION
For the foregoing reasons, we affirm that portion of the judgment that relates to violations of the parish’s nuisance ordinances, for 3608, 3616, and 3618 4th Street, the injunctive relief requiring remediation of those violations, and the fines associated with those violations. However, we vacate the judgment to the | ^extent that it relates to violations of the parish’s zoning ordinances. We remand this matter to the district court for a new trial regarding violations of the parish’s zoning ordinances and the issue of the continuity of the alleged non-conforming use of the property in question.

AFFIRMED IN PART; VACATED IN PART, AND REMANDED.